<hr/>

(99 South. 210)

No. 26328.

**DAVIS et al. v. WEST LOUISIANA BANK et al.**

·(Feb. 4, 1924)

*(Syllabus by Editorial Staff.)*

1. **Depositaries** ⬅14—Benefit of 90-day provision for suit on depository's bond held waived by tender of full amount due.

In an action on a bond securing a deposit of the funds of a parish, the bond providing for suit within 90 days from default, the benefit to the surety of such provision was waived, where it tendered to plaintiffs the full amount of its liability under the bond.

2. **Depositaries** ⬅7 — Statutory provisions must be read into bond of depository of public money.

A bond given by a depository of the funds of a parish under Act No. 205 of 1912, and its

amendments, is a statutory bond, and the statute must be read into the bond, and superadded stipulations must be disregarded.

**3. Depositaries ⊂⊃7—Parish police jury held not authorized to limit right of parish to recover full amount under depository bond.**

A parish police jury has no authority under Act 205 of 1912, relating to depositories' bonds, to agree to any limitation of the right of the parish to recover the full amount of the bond in the event of loss of deposits, to secure which the bond is given.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Action by Charles I. Davis and others against the West Louisiana Bank and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

See, also, ante, p. 245, 99 South. 207.

P. L. Ferguson, of Leesville, for appellants.

C. E. Hardin and L. D. Woosley, both of Leesville, for appellees.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. The West Louisiana Bank, of Leesville, as the duly elected fiscal agent of the parish of Vernon, executed an indemnity bond in the sum of $7,500 in favor of the treasurer of said parish, with the National Surety Company, of New York as surety.

While the contract of suretyship was in force, the bank closed its doors and suspended the payment of its depositors. On the day of the failure the parish of Vernon had on deposit the sum of $19,343.87.

This suit was brought by the treasurer of the parish and by the parish itself, through its police jury, against the liquidator of the bank and the surety on the indemnity bond, to recover the amount of said bond with interest and attorney's fees.

Judgment was for plaintiffs, and the defendant surety company has appealed.

Appellant seeks to escape liability on its bond because of the alleged violation by plaintiffs of three conditions of the bond, viz.: (1) That plaintiffs had notice and knowledge of the unsound condition of the bank and failed to withdraw the deposit; (2) estoppel for failure to bring suit within 90 days from the date of default by the bank; and (3) if any liability whatever attaches under the bond, it is limited to such proportion of the penalty as the said penalty bears to the total sum of the deposit.

Defendant surety company also pleaded in bar of the plaintiffs' action "the prescription of three months and one year, both in accordance with the terms of the contract and in accordance with law."

1. This ground of defense has utterly failed. There is no evidence whatever in the record showing that plaintiffs had any notice or knowledge of the insolvent condition of the defendant bank.

[1] 2. It is unnecessary to discuss the legality vel non of the 90-day clause in the contract of suretyship. The benefit, if any, accruing to the surety company by reason of said stipulation, was waived and renounced by said company when it tendered to plaintiffs the amount which it conceived and admitted to be its liability under the bond.

Defendant's averment, in its answer, that said tender was made by way of compromise is without merit. The testimony shows otherwise. Beyond this, the amount offered militates against the compromise theory. It was the exact amount admittedly due under the surety company's interpretation of its contract and not an arbitrary figure proposed merely for the purpose of buying peace.

[2] 3. The bond was given by the defendant bank in pursuance of the requirements of the fiscal agency laws of the state (Act 205 of 1912 and its amendments). It is therefore a statutory bond, which was the only kind of bond the police jury was authorized

to accept. The statute must be read into the bond. Superadded stipulations must be disregarded. Necessary obligations which have been omitted must be supplied.

"Where a depository bond executed pursuant to the provisions of" a statute "contains the exact conditions imposed by the statute and, in addition, other conditions which are not provided by the statute, tending to limit or evade liability, the bond will be upheld as to the conditions imposed by the statute, and the other provisions will be treated as surplusage. * * *

"This law, with all its terms, no more and no less, becomes a part of the bonding contract. The board has no authority to waive any part of the statute nor add anything to it." Western Casualty, etc., Ins. Co. v. Muskogee County, 60 Okl. 140, 159 Pac. 655, L. R. A. 1917B, 977; 18 C. J. 587.

And this court has also held that the terms and conditions of a law in furtherance of which a bond is taken must be read into the bond. Macready and Burke, Executors, v. Schenck, 41 La. Ann. 456, 6 South. 517; Wells v. Fidelity & Deposit Co., 146 La. 170, 83 South. 448; Slocomb v. Robert, 16 La. 173.

In the case of Board of Health v. Teutonia Bank & Trust Co., 137 La. 432, 68 South. 748, Ann. Cas. 1916B, 1251, appears the following:

"It may be well to mention that the making of the bond by which the deposits are to be secured is not a matter of agreement between the board and the other parties to the bond, but that the execution of the bond is but a fulfilment of a condition imposed by law upon the depositary bank; the existence of the bond is but a part of the qualification of the depositary for becoming such, in the same way that the fact of being a chartered bank is a part of its qualification. Doubtless, the board has to see to it that the surety is a proper one, and that the amount is proper; but this is not a taking part in the contract of the bond, but merely the discharge of an official function."

Under the statute the police jury of the parish of Vernon was required to exact from its fiscal agent security, either in the shape of negotiable bonds, or the indemnity bond of a duly authorized surety company, for the safe-keeping and return of said deposits. In response to the statutory requirement the defendant bank furnished to said police jury the indemnity bond of the defendant surety company.

[3] Nowhere in the law is any provision to be found which authorized the police jury to agree to any limitation of the right of the parish of Vernon to recover the full amount of the bond in the event its loss of deposits was equal thereto or in excess thereof.

The object of the legislation is to protect public funds on deposit with the duly selected fiscal agencies. Any stipulation or condition inserted in a bond furnished for that purpose, which tends to limit or evade the provisions of the law, must be regarded and treated as not written.

Condition 2 of the bond, which attempts to restrict the liability of the defendant surety to such proportion only of the penalty as the said penalty bears to the total sum on deposit must therefore be disregarded, and said surety held for the full amount of its suretyship contract.

We find no merit in the plea of prescription of three months and one year in bar of plaintiffs' action.

Judgment affirmed.