No. 25,790.

R. E. CRUMMER, *Appellant*, v. WALTER E. WILSON, RICHARD L. THOMAS et al., *Appellees*.

#### SYLLABUS· BY THE COURT.

ACTIONS — *Joinder of Causes — Action Against Principal and Sureties.* In an action brought against the principal and sureties of an official bond, an allegation in the petition that some of the acts complained of were done by the officer "both individually and as such" officer is held to show a purpose to assert a claim on account of acts done by him otherwise than in his official capacity, for the consequences of which his sureties would not be liable, and to justify the sustaining of a demurrer on the ground of a misjoinder of causes of action.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed July 11, 1925. Affirmed.

*Clad Hamilton, Clay Hamilton, Donald A. Campbell,* all of Topeka, *Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, J. G. Norton, W. E. Stanley* and *W. B. Harms,* all of Wichita, for the appellant.

*Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellees; *T. F. Garver* and *James E. Larimer,* both of Topeka, for appellee Richard L. Thomas.

The opinion of the court was delivered by

MASON, J.: R. E. Crummer brought this action to recover for losses sustained by reason of the misconduct of Walter E. Wilson while state bank commissioner, the sureties on Wilson's official bond being joined with him as defendants. The plaintiff appeals from the ruling of the district court sustaining a demurrer to the petition on the ground of misjoinder of causes of action.

The position of the defendants is that the petition sets out a

---

Actions, 1 C. J. § 265; Officers, 29 Cyc. p. 1467.

cause of action against Wilson and his bondsmen for official misconduct, and also one against him for false representations made by him individually for which his sureties would not be liable. In this connection they contend that in order for the bondsmen to be held the acts of the officer complained of must have been done in virtue of his office and not merely under color of it. It has been said by this court that the liability of the bondsmen must be based upon something done in virtue of the office (*Wilson v. The State*, 67 Kan. 44, 72 Pac. 517), but no distinction was attempted to be there drawn between such an act and one done under color of the office. The weight of authority repudiates the distinction as a basis for determining liability. (22 R. C. L. 507, note 2; 29 Cyc. 1455-6.) It is not necessary here to go into that matter. The petition alleges that false representations, upon which recovery is asked, were made by Wilson "both individually and as such bank commissioner." This seems purposely to charge acts done otherwise than as bank commissioner—by virtue of or under color of his office—and forms part of a statement of a cause of action by which the sureties would not be affected, and which may not be joined with that against them. (R. S. 60-601.) The argument in this court in behalf of the plaintiff indicates that there is no intention on his part of making any claim against Wilson other than one upon which his bondsmen would be liable, and the matter appears, therefore, to be one of no practical consequence. But in view of the language quoted, the district court was justified in holding that two causes of action were improperly joined, one based upon acts for which the sureties were liable and the other upon acts for which he alone could be held. The situation presented does not call for any further determination of the effect of particular language of the petition. The plaintiff, with the consent of the trial court, may file two petitions, as the statute provides (R. S. 60-709), or avoid the occasion for that by such amendment as to eliminate or disavow any claim otherwise than upon the bond.

The judgment is affirmed.