No. 26,951.

R. E. CRUMMER, *Appellee,* v. WALTER E. WILSON et al. (RICHARD
L. THOMAS, *Appellant*).

#### SYLLABUS BY THE COURT.

ACTIONS—*Joinder of Causes—Action Against Principal and Sureties.* Upon an
examination of the averments of an amended petition and a consideration
of the action and attitude of plaintiff in the case, it is held that the overrul-
ing of a demurrer for misjoinder of causes of action should be affirmed.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE,
judge. Opinion filed December 11, 1926. Affirmed.

*T. F. Garver* and *J. E. Larimer,* both of Topeka, for the appellant.

*Clad Hamilton, Donald A. Campbell,* both of Topeka, *Chester I. Long, J. D.
Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley*
and *W. B. Harms,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal by Richard L. Thomas from
an order overruling a demurrer filed by him against the amended
petition of R. E. Crummer upon the ground of misjoinder of causes
of action.

Walter E. Wilson was appointed state bank commissioner and
gave an official bond signed by Richard L. Thomas and other sure-
ties, that Wilson would faithfully discharge the duties of his office.
In the petition as first filed, it was alleged that Wilson was guilty of
misconduct, both individually and of acts done by virtue of his office,
and upon a challenge of misjoinder the trial court ruled that there
being a manifest purpose to charge acts done other than as a bank
commissioner, for which the sureties would not be liable, two causes
of action were stated and improperly joined. Upon an appeal to this
court the judgment was affirmed with the suggestion that two peti-
tions may be filed, one based upon the defaults for which sureties are
liable, and another for the defaults for which the commissioner alone
is liable, or the petition might be amended so as to eliminate any
claim other than on the official bond and for liability against the
sureties. (*Crummer v. Wilson,* 119 Kan. 68, 237 Pac. 1035.)

Afterwards the plaintiff amended the petition in several particulars
in which he undertook to eliminate charges of the private and per-

sonal acts and defaults of Wilson from those done by virtue of his office, leaving only those acts for which the sureties would be responsible. The defendant Thomas then filed another demurrer alleging a misjoinder of causes of action, and also made a motion to strike out certain averments of the second amended petition. The demurrer for misjoinder was overruled, and the motion to strike was also overruled. Thomas alone appeals, and is contending here that error was committed in overruling the demurrer. While the ruling on the motion to strike is assigned as error the defendant has manifestly abandoned that branch of the case, and is only asking for a review of the ruling on the demurrer. The real question presented is whether the petition contains two causes of action, and for that reason the action should be separated by filing two petitions, one on claims upon which both Wilson and his bondsmen are liable, and the other on claims for which the sureties on his bond are not answerable. If it be granted that there are allegations in the petition charging acts or defaults of Wilson upon which he would be liable, and his bondsmen would not, it is now clear from the entire record in the case and from the attitude of plaintiff that he is in fact not seeking a recovery against Wilson for which his bondsmen would not be liable. He has practically, although not in set terms, disavowed such an intention, therefore there is no object in splitting the action into two separate actions, and the order overruling the demurrer will therefore be affirmed.

There are allegations in the petition giving some basis for a charge of personal misconduct on the part of the commissioner for which his sureties would not be liable. These should receive attention at some stage of the proceedings when the questions are clearly defined and fully argued. In view of the fact that the ruling on the motion to strike is not argued in the briefs the court does not feel justified in passing on questions that may be developed in the case relating to what are official defaults as distinguished from personal ones, and defaults for which Wilson might be liable but the sureties would not. This phase of the case can better be determined when it is fully argued, and neither party will be concluded on it by reason of the affirmance of the judgment overruling the demurrer.

The judgment is affirmed.