(124 So. 768)

No. 29784.

## JOHN H. MURPHY IRON WORKS v. UNITED STATES FIDELITY & GUARANTY CO.

Nov. 4, 1929.

George J. Ginsberg, of Alexandria, for appellant.

Dubuisson, Perrault & Burleigh, of Opelousas, and Spearing & Mabry, of New Orleans, for appellee.

OVERTON, J. The commissioners of the Bayous Bœuf and Waxia drainage district entered into a contract with Gootz and Lawrence for the construction of a public drainage canal, known as the Bayou Waxia drainage canal. The United States Fidelity & Guaranty Company, the defendant herein, signed the contractor's bond as surety.

Between February 13 and October 8, 1922, the John H. Murphy Iron Works, the plaintiff herein, furnished to the contractor materials used in the operation and repair of the dredge and the machinery thereon, employed in constructing the canal, furnished labor in making the repairs on the dredge and the machinery thereon, and paid the express and freight charges on the material furnished. There is a balance due on its claim of $2,198.55. It has brought this suit against the surety to recover that balance.

The bond given, and upon which the suit was brought, is a statutory bond. Therefore we must look to the statute, under which the bond was given, to find the conditions of the bond, for whatever is written in it, not required by statute, must be read out of the bond, and whatever is not expressed in it, but which ought to have been incorporated, must be read into it. · Davis v. West Louisiana Bank, 155 La. 245, 99 So. 207; Davis v. West Louisiana Bank, 155 La. 252, 99 So. 210; Miller v. Bonner, 163 La. 332, 111 So. 776. The bond required by the statute is one "for the faithful performance of the contract with the state, parish, city, town, village, public board or body, and with an additional obligation for the payment by the contractor, and by all subcontractors, for all work done, labor performed, or material furnished in the construction, erection, alteration or repair of such building, road, work or improvement. * * *" Section 1 of Act No. 224

of 1918. The bond was given before there was any amendment to the act of 1918.

The point at issue comes before us by appeal from a judgment sustaining an exception of no cause or right of action. The question in dispute is whether a claimant, who furnishes or does labor and supplies material for the repair of a dredgeboat and the machinery thereon, and pays the freight and express charges on the material furnished, while the dredgeboat is being used to excavate the canal, has a right or cause of action against the surety on the contractor's bond; the cause of action, if any, having arisen under Act No. 224 of 1918, prior to any amendment thereto.

The question presented is not a new one in this state. It has been, in effect, twice decided by this court—once in the case of Red River Construction Co. v. Pierce Petroleum Corporation, 165 La. 565, 115 So. 752, and once in the case of State v. Smith, 167 La. 301, 119 So. 56. The theory upon which these cases were decided was that the work done or the material furnished must have entered directly into and must form part of the improvement constructed, to give the claimant a cause of action against the surety on the bond furnished. It is not sufficient that the work be done in repairing machinery used in constructing the improvement, or that the material furnished be used in such repairs, for in such case neither the work nor the material enters directly into the improvement. As plaintiff's claim does not consist of work done and material furnished, which entered directly into the improvement, plaintiff discloses no cause of action.

Plaintiff seeks to differentiate this case from the two cases cited, on the theory that the work, in this instance, was of such a nature that "nothing went into it, but everything came out of it." Plaintiff is mistaken, even if this distinction could be deemed a differentiation. Doubtless no material entered into the construction of the canal, but it is impossible to conceive how any improvement can be constructed without something entering into it. In this instance it is manifest that the work done in excavating the canal went directly into it. However, be that as it may, the differentiation is no differentiation at all. It simply amounts to an effort to show that it is unnecessary that the work done, or the material furnished, entered into, or was incorporated in, the body of the improvement constructed, which is in direct conflict with the two decisions which it is sought to differentiate. It is also urged by plaintiff that the construction placed by us on the act of 1918 in the Red River Construction Company Case, and followed in the Smith Case, is too restricted, and is not in accord with the jurisprudence in other states. In our view, the construction placed on that act in those cases is not unreasonable, or too restrictive, and should remain undisturbed. As to that construction being out of accord with the jurisprudence in other states, that position was fully considered by us in the Red River Construction Company Case. In the foregoing connection, see, also, Colonial Creosoting Co. v. Perry (our number 29,976), ante, p. 90, 124 So. 182.

The judgment of the trial court, sustaining the exception of no right or cause of action, is correct, and should be affirmed.

The judgment is affirmed.