I respectfully dissent from the majority opinion and decree handed down in this case for the following reasons:
The only liability which the defendant surety company, the United States Fidelity Guaranty Company, could have incurred, was on either of the two bonds which it had executed in favor of the Chairman of the Louisiana Horticultural Commission at the request of the Home Protection Service, Inc., at the time it was licensed to engage in entomological (termite control) work all as provided for and prescribed by Act 141 of 1936. It does not seem to be disputed that it cannot be held under the first of the said bonds executed August 7, 1937, and renewed periodically thereafter until October 7, 1941, which is referred to as the "license" bond. The majority opinion holds however, that it can be held on the second bond executed October 7, 1937, and also renewed from time to time and as late as October 7, 1941, referred to as the "contract" bond. Each bond is in the sum of $1,000.
In considering the nature and effect of these two bonds, it is necessary to refer to the provisions of Act 141 of 1936. They can hardly be construed otherwise than in connection with that statute, for they both, on their face, show that they were given and executed in compliance with its provisions.
That statute was enacted to regulate, among others, the practice of entomological work. It authorizes the creation of a commission empowered to make rules and regulations governing the qualifications and practicing of persons engaged in that kind of work and also to make rules and regulations to prevent fraudulent practices in the professional services therein defined. Section 4 contains the only provision of the statute under which the commission can exact a bond from a licensee commissioned by it. It prescribes that any person desiring to engage in any professional service or work as defined in the act must obtain a license from the Commission. To obtain such license he must fill out an application in writing in which he shall supply such information as may be required regarding his financial standing and the length of time he has been engaged in the practice of such professional work. The section then provides that "if, in the judgment of the Commission, it is necessary, and after the approval *Page 261 
by the Commission of the application, the applicant shall furnish to the Chairman of the Commission a surety or fidelity bond in an amount and of tenor and solvency satisfactory to the Commission; provided that in no case shall said bond required herein exceed the amount of $10,000.00. The condition of saidbond shall be that the principal therein named shall honestlyconduct his business, and said bond shall be filed and duly recorded in the office of the chairman. * * *" (Italics mine.)
The bond referred to as the "license" bond in this case contains a condition stated in the exact words of the statute as the obligation which the surety incurred is that the principal named therein "shall honestly conduct his business" of entomologist. The other bond, referred to as the "contract" bond, contains a different condition, as the obligation there is that the principal "shall faithfully perform the obligation imposed upon him" in the contract entered into with the plaintiffs guaranteeing the professional service rendered by him as entomologist.
Now it may be that had this so-called contract bond been one given by the Home Protection Service, Inc., to the plaintiffs under a conventional agreement between them to guarantee the work that was to be performed, the obligation of the surety might well appear under the condition therein stipulated. But according to the wording of the bond itself that was not the manner in which this bond was furnished. A photostatic copy of the bond is annexed to and forms part of the petition and therefore its own allegations are controlling. On its face it discloses that it is executed under certain regulations of the Horticultural Commission adopted pursuant to the provisions of Act 141 of 1936 and in the second preamble reference is specifically made to the license that is to be issued to the Home Protection Service, Inc., being conditioned upon the furnishing of this bond in compliance with Section 4 of the Act referred to. Call it a license bond or a contract bond or any other kind we may care, clearly, by its own terms, it is a statutory bond and as such we must look to the statute to find its condition; "for whatever is written in it, not required by the statute, must be read out of the bond, and whatever is not expressed in it, but which ought to have been incorporated, must be read into it." Louisiana Highway Commission v. McCain,197 La. 359, 1 So.2d 545, 548; John H. Murphy Iron Works v. U.S. Fidelity Guaranty Co., 169 La. 163. 124 So. 768. As already stated, by the terms of Section 4 of Act 141 of 1936, the condition of a bond executed under that statute is that the principal named in it "shall honestly conduct his business" and regardless of the manner in which it may otherwise have been expressed that is the obligation which the surety incurs. The fact that the so-called contract bond contains a different condition and that it appears on its face to have been executed under certain regulations adopted by the Horticultural Commission cannot, in my opinion, have the effect of imposing a greater or lesser obligation than the one stipulated in the statute. Whilst it is true that under the statute the Commission is empowered to make rules governing the qualifications and the practicing of persons engaged in the professional services defined in the act, and also to make rules and regulations to prevent fraudulent practices, still with regard to exacting bonds on the part of such persons its authority is limited according to the provisions of Section 4 of the act and it can only require a bond with the condition specifically designated therein which is, that the principal "shall honestly conduct his business."
The nature and effect of such condition was considered and passed on in the case of Anders v. J. L. Evans Co. et al., La. App., 187 So. 109, which was relied on by the district judge in sustaining the exception of no cause of action filed on behalf of the surety herein. In brief of counsel for plaintiff it does not seem to be disputed that the defendant surety company can only be held under a statutory bond conditioned upon the "honest conduct of its business" by the principal. The authority of Anders v. J. L. Evans Co. et al. is not questioned and it is merely argued that under the allegations of their petition different facts than those disclosed in that case are stated; facts which, they urge, show that the principal did not honestly conduct its business. In this I cannot agree with them and find that the district judge properly disposed of the exception in so far as the defendant surety company is concerned in the judgment appealed from. I find myself obliged to dissent from the majority opinion which holds otherwise. *Page 262