No. 37,088

JAMES G. ESTELL, *Appellee*, v. THE NEW AMSTERDAM CASUALTY COMPANY, *Appellant*, et al.

(192 P. 2d 194)

Opinion filed April 10, 1948.

*Henry W. Buck* and *N. E. Snyder*, both of Kansas City, argued the cause and were on the briefs for the appellant.

*Edward H. Powers* and *Wm. E. Scott*, both of Kansas City, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action against the marshal of a city court and the surety on his official bond to recover damages for an alleged assault. The surety demurred to the plaintiff's amended petition, the demurrer was overruled and the surety appeals to this court.

For present purposes the allegations of the amended petition may be summarized. It was alleged that on January 8, 1945, the defendant Callahan was the duly elected, qualified and acting marshal of the city court in Wyandotte county, Kansas, and on that date, as required by statute, he gave a bond in the sum of $5,000 in which he was principal and New Amsterdam Casualty Company was surety. The conditions of the bond were pleaded and a copy of the bond was attached and made part of the petition. The bond recited that Callahan had been elected marshal of the city court for a term beginning January 8, 1945, and ending January 8, 1949, and that if he should well and faithfully perform according to law the duties incumbent upon him by reason of his election to office, then the obligation should be null and void, otherwise to be in full force and virtue. It was then alleged the bond had been approved and filed as provided by law. It was further alleged:

"That on or about the 8th day of June, 1947, the defendant Frank R. Callahan, while acting under color and by virtue of his said office and official position, and while present at the booking desk of the Kansas City, Kansas Police Department in the City Hall of Kansas City, Kansas, and while booking a prisoner for an alleged violation of ordinances of the City of Kansas City, Kansas, and for an alleged violation of the laws of the State of Kansas, did then and there without reason, justification or probable cause, unlawfully . . . assault . . . the plaintiff . . .; that the wrongful and oppressive acts of the defendant Callahan . . . were committed while said defendant was in the performance of his official duties as Marshal of the City Court of Kansas City, Kansas, and within the authority of said office;"

and that by reason of the assault plaintiff sustained various alleged injuries and that he had been damaged in the sum of $5,000 as actual damages and in the sum of $5,000 as and for punitive damages. His prayer was for judgment against both defendants for the amounts alleged and for costs.

The Casualty Company did not file any motion to compel the plaintiff to make any of his allegations more definite and certain. It did file its motion that plaintiff be required to separately state and number the several causes of action stated in his amended petition, and that motion being denied, it then demurred on two grounds—that several causes of action were improperly joined, and that facts sufficient to constitute a cause of action were not stated. This demurrer was overruled and the Casualty Company perfected its appeal to this court, where it specifies as error the ruling on the demurrer.

In connection with its contention that there is a misjoinder of causes of action, appellant says that the action against the marshal is for tort while the action against it is on contract, in support of which it cites *Burks v. Aldridge,* 154 Kan. 731, 121 P. 2d 276, where the rule that ordinarily actions in tort and on contract may not be joined was recognized and applied. Appellant illustrates what it calls "incongruity of joinder" by the possibility that plaintiff might recover as against the marshal for actual as well as punitive damages, but that as against it recovery could only be for actual damages, citing *Farmer v. Rutherford,* 136 Kan. 298, syl. ¶ 3, 15 P. 2d 474, holding that a surety on an official bond is not liable for punitive damages in the absence of a statute providing therefor.

The contention as to misjoinder cannot be sustained. Notwithstanding the general rule that actions *ex delicto* and actions *ex contractu* may not be joined, the rule must give way to specific statutory provisions. It is provided in the code of civil procedure. (G.

S. 1935, 60-424) that where an officer by his conduct renders his sureties liable any person injured thereby may bring an action against the officer and his sureties to recover. In *Schilling v. Black,* 49 Kan. 552, syl. ¶ 2, 31 Pac. 143, it was specifically held that a cause of action against a constable for breach of condition of his bond may be joined with an action against the sureties for the same breach. And see *Pfannenstiel v. Doerfler,* 152 Kan. 479, 105 P. 2d 886, where it was held there was no misjoinder in an action against a sheriff and his bondsmen to recover damages for injuries received in connection with arrest and incarceration.

The fact that plaintiff asked for punitive damages which he may not recover against the surety does not result in misjoinder, although it may limit the amount of his recovery against the surety. It is well recognized that the fact a plaintiff asks for more than he is entitled does not make his petition demurrable. (*Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470, and *Atherton v. Goodwin,* 163 Kan. 22, 29, 180 P. 2d 296, and cases cited.) It is also the law that plaintiff may not recover punitive damages unless he recover actual damages. (*Behymer v. Milgram Food Stores, Inc.,* 151 Kan. 921, 923, 101 P. 2d 912, and cases cited.) Plaintiff may not be compelled, under the circumstances here, to waive his right to sue for punitive damages as against the marshal, in order to maintain his action against the surety, nor, if he wishes to preserve his right, may he be compelled to reduce his claim against the marshal to judgment, and then follow with a suit against the surety. The above statute permits the action against both principal and surety on the bond, and if the matter of punitive damages becomes of consequence later it may easily be taken care of by the trial court.

Does the amended petition state a cause of action for breach of any duty imposed on the marshal by the statutes?

In a preliminary way it may be said that the briefs present no question as to the general rule of the liability of the surety of a peace officer in a case such as we have before us, nor can there be any question as to the provisions of the bond nor of applicable statutes in view of the manner in which this appeal arises.

The general rule is that the liability of the surety for personal injuries due to the wrongful manner in which a constable or peace officer performs his duty depends on the provisions of the bond and whether the act complained of was one done in the performance of duty or was an individual act of the officer.

The city-court act under which Kansas City operates is G. S. 1935, ch. 20, art. 21, and under 20-2109 the marshal of the court is required to execute a bond "for the faithful discharge of his duties . . . conditioned as now required by law for constables." Under G. S. 1935, 80-204, every constable is required to give bond conditioned, among other things, "for the due, honest and faithful discharge and performance of all and singular his duties as such constable according to law . . ." His duties are prescribed by G. S. 1935, 80-704, which reads:

"It shall be the duty of every constable to apprehend on view or warrant, and bring to justice, all felons and disturbers and violators of the criminal laws of this state, to suppress all riots, affrays and unlawful assemblies which may come to his knowledge, and generally to keep the peace in his proper county."

Appellant argues that there is no allegation plaintiff was a prisoner in custody of Callahan, nor any allegation setting out a breach of any of the duties of the marshal under the above statutes, nor any breach of any of the conditions of his bond; that there is no statutory condition, nor any condition in the bond which provides the marshal shall not commit an assault on bystanders in a police station, and that it follows there could be no liability against it unless there was a breach of one or more conditions of the bond, and there being no breach alleged, no cause of action was stated against it. In its brief appellant cites no authority but at the oral argument it directed attention to *Hitsman v. Kennedy*, 138 Kan. 564, 27 P. 2d 218, where it was held that liability on a sheriff's bond does not extend beyond acts done by virtue of his office or color of office, nor for acts done in his private and unofficial capacity.

We have noticed that the appellant filed no motion that appellee's petition be made more definite and certain in any particular, and in such a case the appellee is entitled to a liberal construction of his petition and favorable and not unfavorable inferences are to be drawn in his favor. Appellant's argument is negative in character, and as we view it, rests in part upon an interpretation unfavorable to the pleader. The petition charges that the marshal, while acting under color of and by virtue of his office and while booking a prisoner for an alleged violation of the laws of Kansas, assaulted the plaintiff and that the assault occurred while the marshal was performing his official duties as marshal. Under the recitals of the petition we think that the adverb "while" should not be interpreted

so restrictively that it was used only as "in the meantime," but that it be so interpreted that the pleader intended to say that the alleged assault occurred as part of the events occurring while the booking of the prisoner was taking place. Although not spelled out in the petition, the allegation that the marshal was booking a prisoner for a violation of the laws of the state of Kansas has implicit in it the fact that he had apprehended the prisoner and was bringing him to justice, and that those particular things were being done by virtue of his office and as part of his statutory duty is not subject to debate. Whether appellee at a trial will be able to establish that the assault upon him was any part or parcel of the appellant's performance of his duty is a thing with which we are not presently concerned, but under rules of interpretation applicable we think it may not be said appellee did not so allege. In our opinion the petition, construed as it must be under the circumstances, stated a duty of the marshal under the laws of Kansas, covered by his bond, and a breach of that duty to the harm of the plaintiff and that the trial court properly so ruled.

The judgment of the trial court is affirmed.

Hoch, J. (dissenting): The importance of the principle here involved impels me to state briefly, at least, the reason why I cannot concur in the court's opinion.

The marshal's bond was conditioned that he should "well and faithfully perform, according to law, all and singular the duties incumbent upon him."

The law, with reference to a surety's liability on a bond of this nature is so well established as hardly to require citation of authority. The surety is not liable unless the act complained of was done by the principal under color and by virtue of his official position and was *incident to the performance of his official duty.*

The general rule is stated in 43 Am. Jur. 187, § 418, Public Officers, as follows:

"In general, where the law defines the duties of a public officer, his sureties are responsible for the faithful performance thereof and are liable for wrongful acts in the discharge of his official duties, or for his failure properly to perform the duties imposed on him, provided, of course, injury proximately results, but are not liable for acts which do not pertain to official duties, unless they give their assent thereto."

In 46 C. J. 1068, § 399, Officers, the rule is stated:

"Liability upon an official bond arises as a rule only with reference to acts

of the officer which pertain to some function or duty which the law imposes upon his office. Thus sureties are not liable for a purely personal act of an officer not done as a part of, or in connection with, his official duties; and where he acts without any process and without the authority of his office, or under process void on its face, in doing such act, he is not to be considered an officer but a personal trespasser."

(See, also, 57 C. J. 1013.)

Countless illustrations might be drawn from the reported cases showing the line of distinction between acts that were incident to the performance of an official duty, and acts done *while* the officer was in the performance of an official duty but which had no relation thereto. For instance, if a peace officer uses unwarranted force or violence in making arrest, or if, by negligent acts connected with the making of the arrest, injures a third party, he is liable. But if at the time he is making an arrest or is conducting the prisoner to jail, or is performing some other official duty he does something in no way connected with or incident to the performance of that duty, the surety is not liable.

I find nothing in the allegations of fact in the instant petition which, in any way, makes the alleged assault incident to the performance of the marshal's duty. The court's opinion stresses the fact that the defendant filed no motion to make definite and certain, and invokes the well-established rule that in the absence of such a motion the petition must be liberally construed. Very true. But failure to file such a motion does not make good a petition which fails to state a cause of action. As I read the petition, it contains no allegations of fact, directly or by reasonable inference, that the alleged assault was committed as *a part of,* or as an *incident to,* the *official act* which the marshal was then performing.

The petition, in substance, simply alleges that the marshal, *"while* acting under color and by virtue of his said office," and *"while* present at the booking desk," and *"while* booking a prisoner for an alleged violation" of ordinances and laws of the state, and *"while* said defendant was in the performance of his official duties as marshal," committed the alleged assault. (Italics supplied.) There is no allegation that the plaintiff was in any way connected with the booking of the law violator, or even that his presence had any connection therewith, or that the assault was incidental in any way to the performance of the official act. Boiled down, the allegation asserts nothing except that *while* the marshal was *performing an official act*—no such act except the booking of a law violator being specified

or indicated—he made an assault upon the plaintiff. Suppose the allegation had been that *while* the marshal was at the police station booking a law violator, and *while* acting by virtue of his office, he negligently tossed a lighted cigarette into a wastebasket and started a fire causing property damage. Could it be said that his negligent act was incidental to the performance of his official duty and that the surety would be liable? Or, suppose it had been alleged that *while* the marshal was conducting a prisoner down the street on the way to the jail and *while* he was thus performing an official duty by virtue and color of his office, he picked up a rock and threw it through a window. Would such an act be one within the terms of the bond? Certainly not. ". . . the sureties do not bind themselves to protect the public against every act of their principal, nor do they become his sureties to keep the peace." (43 Am. Jur. 188, § 418, citing on the latter point, *State v. Conover*, 28 N. J. L. 224, 78 Am. Dec. 54.)

"A breach of his duties as a man and a citizen may render an officer personally liable, but it does not create any liability on the part of the sureties on his official bond." (91 Am. St. Rep. 510.)

In *State v. Dayton*, 101 Md. 598, 61 A. 624, a constable went with a writ to the store of a judgment debtor, one Mary Beedle, to levy upon goods therein " 'and then and there the appellant, who was a clerk and agent of the said Mary Beedle protested against such proceeding, and offered money sufficient to pay the judgment, and the costs thereon,' and after she again protested, the said Dayton 'seized her by the wrists and twisted and sprained her wrist, in a rough and cruel manner and beat and bruised her in such a manner, etc.' " This was a stronger case for holding the surety liable than the instant one, for the reason that the alleged assault there was made upon the plaintiff as a result of her protest against the proceedings and her offer to pay the judgment. In the instant case, no connection whatever is alleged between the assault and the official act then being performed by the marshal. But even under the stronger facts of the Dayton case, the surety was held not liable and in the opinion it was said:

"There is no complaint that the constable did not perform the duty he was commanded to perform by the writ; but the grievance is that he did something that neither his writ nor his office, directed or authorized; that is, that he assaulted another person than those named in the writ. It seems unnecessary to discuss the matter at greater length. It is clear that in as-

saulting the appellant he could not have been acting in the discharge of any official duty; and if that is so, while he himself is responsible as a tort-feasor, his sureties are not." (pp. 599, 600.)

Appellee cites *Farmer v. Rutherford,* 136 Kan. 298, 15 P. 2d·474, and quotes from page 305 as follows:

"It is the duty of the sheriff to keep and preserve the peace in his county, and to apprehend any person for felony or breach of the peace. . . . It is clearly the duty of the sheriff to safely keep and protect all prisoners in his charge. . . . It can hardly be argued that a sheriff is faithfully performing the duties of his office without oppression *where he assaults and beats a prisoner in his charge."* (Italics supplied.)

Certainly that is good law, but in that case the assault complained of was one upon the *prisoner in the officer's charge.* That, of course, was an unlawful act committed in an improper performance of his duties.

Appellee also cites part of a statement from 43 Am. Jur. 187, § 418, Public Officers, as follows:

". . . his sureties are responsible for the faithful performance thereof, and are liable for wrongful acts in the discharge of his official duties, or for his failure properly to perform the duties imposed upon, provided, of course, injury proximately results, . . ."

This is taken from the same statement which I cited earlier herein. Even in the part quoted, the liability covers only unlawful acts, or failure properly to perform acts, *in the discharge of official duties.* And if appellee had quoted the remainder of the same sentence, he would have found these words:

"but are not liable for acts which do not pertain to official duties, . . ."

The demurrer should have been sustained.

BURCH, J., concurs in the foregoing dissent.