GLADNEY, Judge
(dissenting).
The majority view herein holds that under LSA-R.S. 9:4801 (Section 1 of Acts of 1926, No. 298), a privilege is granted in favor of one who rents construction machinery, such as pumps, hoses, an air compressor, cement mixer, etc. Examination of the Legislative acts subsequent to *815 1926 show Section 1 of Act 298 has been amended but once and then by Act 281 of 1946, which grants a privilege for “ * * * material or supplies for use in machines used in or in connection with erection, construction, repair or improvement of any building, structure or immovable property * * *.” Thus, it will be observed the statute did not extend a privilege for machines used in or in connection with the erection, construction, etc. This point is tendered to show that Section 1 of Act 298 of 1926, except for the single change made in 1946, has remained unaltered since its adoption.
In 1931 this court in the case of Southern Gas Line, Inc. v. Dixie Oil Company, 16 La.App. 26, 133 So. 181, considered the contention of a plaintiff it was entitled to a privilege under Act 298 of 1926 for gas furnished for fuel in the drilling of gas and oil wells. In rejecting the claim it was held the statute did apply to oil and gas wells, but that gas furnished for fuel was not “material” for which the furnisher could claim a lien. A few years after the decision the Legislature enacted Act 14S, of 1934, a comprehensive statute regulating privileges affecting oil, gas and water wells and expressly accorded a lien to a furnisher of fuel, drilling rigs, etc. “for or in connection with” the drilling of such wells. The above cited case is, in my opinion, of special significance in resolving the issue in the instant case. The court therein approved the rationale of the court in John H. Murphy Iron Works v. United States Fidelity & Guaranty Company, 1929, 169 La. 163, 124 So. 768, wherein a privilege was claimed under Act 224, of 1918, (Public Works Act) for labor and supplies for repair of a dredge boat and the machinery therein. The Supreme Court in refusing to recognize the existence of the lien, had this to say:
“The question presented is not a new one in this state. It has been, in effect, twice decided by this court- — once in the case of Red River Construction Co. v. Pierce Petroleum Corporation, 165 La. 565, 115 So. 752, and once in the case of State v. Smith, 167 La. 301, 119 So. 56. The theory upon which these cases were decided was that the work done or the material furnished must have entered directly into and must form part of the improvement constructed, to give the claimant a cause of action against the surety on the bond furnished. It is not sufficient that the work be done in repairing machinery used in constructing the improvement, or that the material furnished be used in such repairs, for in such case neither the work nor the material enters directly into the improvement. As plaintiff’s claim does not consist of work done and material furnished, which entered directly into the improvement, plaintiff discloses no cause of action.”
The author of the decision in Southern Gas Line, Inc. v. Dixic Oil Company, supra, made this observation of the ruling in the Murphy case [16 La.App. 26, 133 So. 183]:
“That case holds that all work or labor or material that goes into any construction or improvement on immovable property is protected by the lien provided for in the act. It does not hold that the lien covers or guarantees the payment of the materials or tools or instrumentalities with which this work is performed, nor does it cover the food supply consumed by the laborers which is transformed in their bodies into muscle and energy with which they are enabled to perform the work, nor does it cover gas or any other kind of fuel that is burned in a boiler and gives power to the machinery to do the work.”
With unusual consistency our jurisprudence has refused to broaden the application of Act 298 of 1926 and Act 224 of 1918. The courts, by following the rule of stricti juris have left such statutory extensions to the Legislature.
*816 Hughes v. Will, La.App.1948, 35 So.2d 241, in recognizing the right of a subcontractor to a lien under Act 298 of 1926 for rental of jacks grounded the decision on the special circumstances involved. The court therein approved of the rule that lien statutes must be strictly construed and agreed with the reasoning of Colonial Creosoting Company v. Perry, 1929, 169 La. 90, 124 So. 182, and Louisiana Highway Commission v. McCain, 1941, 197 La. 359, 1 So.2d 545, decisions adverse to lien claimants, but distinguished the case under consideration because the jacks remained in place and in lieu of a temporary foundation.
The decision in Sutton-Zwoile Oil Company, Inc. v. Barr Petroleum Corporation, Inc., La.App.1940, 197 So. 432, relied upon by the majority opinion arises under Act 145 of 1934, mention of which has been made, and the case is, in my opinion, without application. For the reasons set forth, I respectfully dissent