## No. 41,378

SHRAKE ELECTRIC, INC., *Appellant,* v. CENTRAL SURETY AND INSURANCE CORPORATION, and D. F. CAHILL, d. b. a. D. F. CAHILL CONSTRUCTION Co., *Appellees.*

(342 P. 2d 159)

Opinion filed July 10, 1959.

*David Prager,* of Topeka, argued the cause, and *Walter T. Chaney, Jacob A. Dickinson* and *Sam A. Crow,* all of Topeka, were with him on the briefs for appellant.

*Hal C. Davis,* of Topeka, argued the cause and was on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This appeal involves the propriety of an order of the district court quashing service of summons upon defendant D. F. Cahill, d. b. a. D. F. Cahill Construction Company.

The pertinent facts are summarized: Plaintiff is a Kansas corporation with its principal office in Topeka, and is an electrical contractor. Defendant Central Surety and Insurance Corporation, hereafter referred to as Central Surety, is a Missouri corporation with its principal office in Kansas City, Missouri, and is authorized to do business in Kansas. Defendant D. F. Cahill, d. b. a. D. F. Cahill Construction Company, hereafter referred to as Cahill, is a general contractor and resides in Kansas City, Missouri.

On December 3, 1954, the Kansas Turnpike Authority adopted a resolution to the effect that all contracts for the construction of the Authority's projects would be advertised and bids received in accordance with the provisions of G. S. 1949, 68-408, 409, 410, and 411, applicable to the letting of contracts and plans and specifications for projects of the State Highway Commission.

On December 19, 1955, Cahill filed with the Authority a power of attorney in which he designated John Lamasney of Prairie Village, Johnson county, Kansas, his true and lawful attorney in fact. The instrument reads:

"POWER OF ATTORNEY

"I, the undersigned, D. F. Cahill of Kansas City, Mo., hereby make, constitute and appoint John Lamasney of Prairie Village, Kansas, my true and lawful attorney, for me and in my name, to execute and sign for me any and all contracts with the Kansas Turnpike Authority, and all papers in connection therewith, and *to do and perform all necessary acts in the execution of the*

*aforesaid business, in as full and as ample manner as I might do, if personally present:* Dated at Kansas City, Mo., this 19th day of December, 1955.

Signed: D. F. Cahill"

(Emphasis supplied.)

Subsequent to the filing of the power of attorney and pursuant thereto Lamasney, on behalf of Cahill, executed contract PL-13 with the Authority, the work for which was undertaken by Cahill and completed some time prior to November 21, 1956. Lamasney performed no other acts on behalf of Cahill in connection with contract PL-13, nor did he perform any acts under the power of attorney on behalf of Cahill in connection with contract SAB-5, hereafter referred to, or with respect to any other contracts Cahill might have entered into with the Authority.

On or about February 13, 1956, Cahill entered into contract SAB-5 with the Authority to construct the service area on the Turnpike southeast of Topeka. As a part of that transaction, Cahill and Central Surety executed and delivered to the Authority their surety bond pursuant to G. S. 1949, 68-410 for the benefit of material and labor suppliers to guarantee the payment of all indebtedness incurred by Cahill for materials and labor furnished, used or consumed in connection with the construction of the service area. Contract SAB-5 was completed by Cahill, the work accepted by the Authority, and Cahill and his organization withdrew from Kansas before January, 1957. Plaintiff alleged that, at Cahill's request, and between October 18, 1956, and December 14, 1956, it furnished materials and labor of the reasonable value of $2,436.35, which were used under contract SAB-5 for which Cahill refused to pay.

On April 4, 1957, plaintiff commenced this action against Central Surety to recover the value of materials and labor furnished. Central Surety filed its answer and raised defenses which are not before this court on appeal.

On May 29, 1958, with leave of the court, Cahill was made an additional party defendant in plaintiff's amended petition, and an alias summons was issued against him directing the sheriff to serve his agent, John Lamasney, 4115 West 47th Street, Prairie Village, Kansas. The sheriff's return showed that service of summons was had upon Cahill "by serving his agent, John Lamasney, personally on the 29th day of May, 1958" in Johnson county, Kansas.

Cahill appeared specially and moved the district court to quash the pretended service of summons upon the grounds that the court was without jurisdiction of either his person or the subject matter of

the action as related to him for the reason that Lamasney had never been his agent upon whom service of summons could be had during the times mentioned in plaintiff's petition, or since that time, and was not a proper person upon whom service of summons could be had.

The motion to quash service of summons was argued by counsel and taken under advisement by the district court. In the order sustaining the motion, the district court found that Lamasney was not the agent or attorney in fact upon whom service of summons might be had upon Cahill, and that the power of attorney was not broad enough to authorize the service of summons upon Lamasney as process agent for Cahill.

While we do not regard the power of attorney, standing alone, as sufficient in itself to constitute Lamasney as Cahill's process agent, nevertheless, for reasons hereafter stated, we are of the opinion the service of summons upon Lamasney, under the facts and circumstances presented, was proper and sufficient service upon Cahill.

The contentions of both parties are to be determined by the meaning and effect to be given G. S. 1949, 68-410, the material portion of which reads:

". . . The state highway commission shall make necessary rules and regulations covering the making and receiving of bids and letting of contracts: *Provided,* That no contract shall be awarded to a nonresident individual, partnership or corporation unless the same has established a permanent office in the state of Kansas so that service can be had and taxes collected from said nonresident: *And provided further,* That the provisions of section 16-113 of the Revised Statutes of 1923 shall not apply to contracts made by the state highway commission. . . . *Provided further,* The provisions of section 60-1413 of the Revised Statutes Supplement of 1933 and section 60-1414 of the Revised Statutes of 1923 shall not apply to contracts made by the state highway commission."

This statute was obviously designed, among other things, to assist citizens of Kansas in establishing their claims against nonresident contractors by providing a means of obtaining service of process in any civil action arising out of contracts entered into pursuant to section 68-410. As is observed, sections 16-113, 60-1413 and 60-1414 were expressly made inapplicable to contracts awarded by the State Highway Commission, and, by the Authority's resolution of December 3, 1954, inapplicable to the Anthority. Section 16-113 relates generally to the appointment in writing of a process agent by a nonresident contractor who has been awarded a contract by the state or a political subdivision for a public improvement and the filing of

such appointment with the clerk of the district court in the county where the work is to be done. Sections 60-1413 and 60-1414 relate to the giving of a bond by such a contractor to insure payment of all indebtedness for materials and labor used or consumed in connection with the construction of such public improvement. Thus, by exempting a nonresident contractor from the requirement of appointing a process agent pursuant to section 16-113, the legislature clearly intended that, as a condition of eligibility to be awarded a construction contract by the State Highway Commission (the Authority), such a contractor shall establish a permanent office in the state where service of process can be had and taxes collected from such nonresident. In other words, the establishment of a permanent office in Kansas under section 68-410 is the equivalent to the designation in writing of a process agent under section 16-113.

We think that, for the purpose of this lawsuit, the power of attorney was a designation of the establishment of Cahill's permanent office in Kansas. It was executed and filed to comply with a condition precedent to obtaining the benefits of a construction contract, and it accomplished the purpose for which it was intended. Cahill's obligation under the statute and the resolution to establish a permanent office in the state must be read into the power of attorney. The principle involved was stated in the cases of *Farmer v. Rutherford*, 136 Kan. 298, 15 P. 2d 474 and *Dunn v. Jones*, 143 Kan. 218, 53 P. 2d 918. The law reads into the power of attorney, and it has precisely the same effect as if it contained language stating that it established Cahill's permanent office in the state of Kansas as Lamasney's address in Johnson county. Had Cahill not executed and filed the power of attorney he would have had no permanent office in Kansas. In other words, the effect of the power of attorney was to establish Cahill's permanent office in Kansas making him an eligible bidder for the Authority's contracts. He may not accept the benefits of contracts procured by the filing of the power of attorney and not assume the burdens. Nor may he now say that service upon Lamasney was not service at his permanent office in the state of Kansas with respect to liabilities arising out of such contracts.

We have examined, not overlooked, Cahill's contention that the legislature by enacting G. S. 1949, 60-2533 provided a uniform and legal method by which a nonresident could formally appoint a resident agent for service of process when required by law or by any business commitment. A short answer to the contention is that the

Authority did not adopt this statute as being available under its procedures as a condition precedent to awarding a contract to a nonresident contractor. Furthermore, service of process upon a service agent appointed under this statute has only the force and effect of service by publication upon the person, fiduciary or corporation making the appointment.

In view of the foregoing, the district court erred in sustaining Cahill's motion quashing the service of summons, and that order is reversed.

It is so ordered.

PRICE, J., dissents.