SCHOOL DISTRICT NO. 9, KINGMAN COUNTY, KANSAS,
v. GEORGE C. BRAND.

No. 14,223.    (81 Pac. 473.)

SYLLABUS BY THE COURT.

OFFICIAL BOND—*School-district Treasurer—Right of Action—
Parties.* Under section 6174 of the General Statutes of
1901, in case of the breach of any condition of the bond of a
school-district treasurer, if the director neglect or refuse to
prosecute an action any householder of the district may
cause such prosecution to be instituted in the name, and for
the benefit, of the school district, and may maintain and
prosecute the action to final judgment.

Error from Kingman district court; PRESTON B.
GILLETT, judge. Opinion filed July 7, 1905. Reversed.

STATEMENT.

M. J. ALBRIGHT instituted this action in the district
court of Kingman county, in the name of school dis-
trict No. 9 of that county, and alleged that the school
district was a body corporate; that the defendant,
George C. Brand, was the treasurer of the school dis-
trict, duly qualified; and that he had executed a bond
to the school district in the sum of $500, with sureties,
which had been approved by the district clerk. He
further alleged that Brand, as treasurer, had com-
mitted a breach of the condition of his bond, in that
he had wrongfully and illegally paid out money and
funds of the school district to the amount of $130
without any order from the school-district board. The
petition also alleged that Albright had requested and
demanded that M. F. McMahan, director of the school
district, institute an action against the treasurer for
the recovery of the money, for the use and benefit
of the school district; that Albright brought the ac-
tion for the benefit of the school district, and that he
was a householder thereof. The petition was signed
by Fairchild & Calkin, as attorneys for the plaintiff.

School District v. Brand.

The defendant failed to answer or demur to the petition; but there is a motion in the case, signed "School District No. 9, M. F. McMahan, director, by W. M. Wallace, attorney," asking that the action be dismissed on the ground that McMahan had not authorized the bringing of the action. Another motion, purporting to be on behalf of the plaintiff, by Fairchild & Calkin and J. Q. Jenkins, was filed, asking for judgment against the defendant on the pleadings. Afterward another motion, called a plea in abatement, was filed, purporting to be by the school district, by W. M. Wallace, its attorney, and M. F. McMahan, its director, by W. M. Wallace, his attorney, alleging that neither McMahan nor the voters of the school district or a majority of them ever directed or authorized the bringing of the action.

In none of the motions or pleas filed was there any denial of the allegation that the defendant had wrongfully paid out the money of the school district, or that Albright was a householder thereof or that he had requested and demanded that the director bring the action and the latter had neglected and refused so to do.

The court heard, and denied, the motion for judgment against the treasurer on the pleadings, and on the same day heard the motion or plea in abatement filed by McMahan, director, by Wallace, his attorney, to dismiss the action, and, it being admitted in open court that the facts stated in that motion were true, the court granted the same. After the motion for a new trial had been denied Fairchild & Calkin and J. Q. Jenkins, as attorneys for school district No. 9, asked and obtained an extension of time within which to make and serve a case-made and bring the case here for review.

*Charles C. Calkin,* and *J. Q. Jenkins,* for plaintiff in error.

*George L. Hay,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The question is squarely presented in this case whether a householder of a school district may institute and maintain an action against the treasurer thereof for a misappropriation of the funds of the district, if the director neglect or refuse to prosecute the action. Section 6174 of the General Statutes of 1901 reads in part as follows:

"And said bond [district treasurer's bond] shall be filed with the district clerk, and in case of the breach of any condition thereof the director shall cause a suit to be commenced thereon in the name of the district, and the money collected shall be applied by such director to the use of the district, as the same should ·have been applied by the treasurer; and if such director shall neglect or refuse to prosecute, then any householder in the district may cause such prosecution to be instituted."

It is conceded by counsel for defendant in this case that this section authorizes any householder of the district to institute an action. They say that possibly he could institute but he could do no more, and they resort to the dictionary to find definitions of the word "institute," and cite as one of its synonyms "commence." It will be observed by a careful reading of the foregoing quotation from the statute that the director is only authorized to commence an action in the name of the district. It is further provided what he shall do with the money collected, so that the authority of the director, and upon his refusal the authority of any householder, to begin an action in the name of the school district against a treasurer that has committed a breach of the conditions of his bond is identically the same. To commence is to institute, and to institute is to commence. It would be a very strange construction of this statute to hold that the director is authorized to commence an action but is not authorized to maintain or prosecute it to final

judgment. It would be equally strained so to construe it that a householder is authorized to institute an action, under the prescribed conditions, but is not authorized to maintain it. The breach of the condition of his bond having been alleged against the treasurer, and there being no denial in any pleading either of this charge or of the allegation that the director had neglected and refused to commence an action to recover the money claimed to have been wrongfully paid out, it seems somewhat remarkable that the director should have been even heard upon a motion to dismiss, without any attempt to purge himself of the charge of neglecting his duty as an officer.

Perhaps it is somewhat anomalous that an individual householder should be authorized by the statute to begin an action in the name of a school district without any authority from the school-district board or from a school-district meeting, but such is the provision of the statute. The government of a school district, as provided for by statute, is generally quite democratic. Every householder in the district is supposed to be interested in the public schools, and in safeguarding the funds provided by law for maintaining them. The legislature has expressly provided that in cases of this nature, where the director neglects or refuses to prosecute, any householder may proceed; and we are asked to place a limitation upon this power by holding that he must have the consent or authority of the director, or at least of a majority of the voters expressed at a public school meeting. This may be a wise suggestion for the legislature to consider, but as the act is unequivocal in its terms we cannot read into it any such limitation. It is true that the power thus conferred upon a householder might be abused, and a householder might bring an action without cause, when no one else in the district desired that it be brought. This is equally true, however, of the director. Any power, wherever lodged, may be

abused; but in a small community like a school district, where every householder has a more or less intimate knowledge of all of the affairs of the district, and where the people generally have pretty full information as to the merits of any claim that might be asserted against their treasurer, and pretty full means of knowing the motives of any householder who may assume to bring an action in the name of the school district, we may reasonably presume that the legislature thought there was little danger of the abuse of this power conferred.

As the defendant below was in default at the time the motion of the plaintiff for judgment on the pleadings was filed, and even at the time it was heard, the motion of the plaintiff should have been granted; and we would be justified in remanding the case with instructions to render judgment in favor of the plaintiff below for the amount claimed. The action, however, is somewhat of a public nature, and the question as to the authority of a householder to proceed without express authorization from the school district is evidently raised in good faith, and, we believe, for the first time in this court. We shall, therefore, only order that the judgment below be reversed and the case remanded, with instructions to grant a new trial, after the court shall have allowed such pleadings as the parties may ask leave to make and the court may think proper. It is so ordered.

All the Justices concurring.