No. 29,981.

THE CITY OF ANTHONY, *Appellant,* v. GEORGE E. CORBIN and THE MARYLAND CASUALTY COMPANY, *Appellees.*

(299 Pac. 603.)

Opinion filed June 6, 1931.

*E. C. Wilcox, J. H. Wilcox* and *Guy Neal,* all of Anthony, for the appellant.
*Donald Muir* and *Harry B. Davis,* both of Anthony, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This is an action brought to recover on the surety bond of the city clerk of the city of Anthony. The court found for the surety on an item of $770.02. The city appeals.

The city of Anthony is a city of the second class. George E. Corbin was, from the 20th of June, 1922, to and including the 20th day of June, 1924, the duly appointed, qualified, and acting city clerk of such city. The trial court made findings of fact as follows:

"IV. That on July 25, 1922, said defendant, George E. Corbin as principal and the Maryland Casualty Company as surety, executed to said plaintiff, the city of Anthony, Kansas, their certain bond in writing, wherein the said George E. Corbin as principal, and the Maryland Casualty Company as surety, recognized themselves bound to the plaintiff, the city of Anthony, Kansas, in the sum of six thousand dollars ($6,000), the condition of which bond was as follows:

" 'That if the said George E. Corbin shall faithfully discharge the duties of this office (office of city clerk) and shall save such city harmless from all loss caused by the neglect of his duty or malfeasance in office or for the willful expenditures of any moneys of such city in violation of law, then this obligation to be void, otherwise to remain in full force and effect.'

"That thereafter the said Maryland Casualty Company did execute and deliver to said plaintiff its certain written document, by the terms of which it continued said bond in force until August 1, 1924."

"X. While the defendant, George E. Corbin, was city clerk, as a side line he assembled and manufactured radios and sold completed radios. During

the time he held the office of city clerk there was. purchased $770.02 worth of radio and electrical supplies in the name of the city of Anthony. Such supplies when purchased could not, and were not intended to be, used by the city. These supplies were ordered in the name of the city of Anthony by the defendant, George E. Corbin, for himself and friends. They were ordered with the knowledge and consent of the city commissioners. The bills for such supplies were rendered to the city of Anthony, and the city commissioners in due course allowed, audited and paid the bills; and the city commissioners knew they were paying for these supplies out of the city's money. The supplies were shipped to the city of Anthony. They were delivered to the defendant, George E. Corbin, city clerk. They were put and kept in the storehouse of the city building under the charge of the city clerk, and such supplies were the property of the city of Anthony.

"It was agreed between Corbin and the commissioners that the money paid by the city for these supplies was to be paid back to the city of Anthony by the defendant, George E. Corbin. There never was an inventory made or any statement made on the books of the city with reference to these supplies. No charges were made on the city's books against George E. Corbin for the supplies, nor was there any money paid to the city by Corbin for the same.

"When the city clerk, George E. Corbin, vacated the office, none of said supplies were left. The amount of radio and other supplies thus bought and paid for by the city and for which Corbin agreed to pay, was of the value of $770.02, no part of which has been paid or received by the city of Anthony; nor has the city clerk, George E. Corbin, paid or accounted for the same."

The fifth conclusion of law was as follows:

"V. For the amount found due for the radio and electrical supplies, $770.02, the Maryland Casualty Company is not liable as surety, but the defendant, George E. Corbin, is indebted to and owes the city of Anthony for said radio and electrical supplies the sum of $770.02, with interest thereon from the 24th day of April, 1926, at six per cent per annum, for which judgment should be rendered against him."

This court is definitely committed to the rule that the liability of a surety on an official bond is based upon something done in virtue of the office. (*Wilson v. The State,* 67 Kan. 44, 72 Pac. 517; *Crummer v. Wilson,* 119 Kan. 68, 237 Pac. 1035.) It is therefore necessary for us to examine the condition of the bond and the official duties of the bonded. The bond is: "The said George E. Corbin shall faithfully discharge the duties of this office (office of city clerk.)" This is in accordance with the requirements of the statute. (R. S. 14-205 and R. S. 14-1102.) Faithful performance of one's duty in office requires that he perform all the duties of his office honestly, faithfully and without negligence or corruption.

"The condition of an official bond providing for the faithful discharge by the principal of his official duties is broken by the mere negligence, without

corruption, of the principal in the performance of a ministerial duty, which performance does not involve the exercise of discretion." (46 C. J. 1068.)

"It shall be the duty of the city clerk to examine in detail all bills, accounts and claims against said city, and if found correct sign his name in approval thereof, but if found incorrect he shall refuse to approve or allow the same . . . and the city clerk shall be the general accountant of said city, and shall keep in books regular accounts of all real, personal and mixed property of said city . . . and shall also keep an account with each person, including the officers, who have money transactions with said city, . . . It shall also be his duty to examine all warrants and countersign same, after appropriation has been duly made by the said board of commissioners; . . ." (R. S. 14-1506.)

The trial court found that the city clerk purchased radio and electrical supplies in the name of the city of Anthony, which could not and were not intended to be used by the city. The bills for such supplies were rendered to the city, audited, allowed, and warrants issued with the approval of the city clerk. He appropriated the supplies to his own use and made no record of the transaction. Was he faithfully discharging the duties of his office? We think not. He knew the claims were not a lawful charge against the city, and under such circumstances "he shall refuse to approve or allow the same." Faithful performance required him to withhold his signature from the warrants issued in payment of such illegal claims. If the contention were correct that the merchandise was the property of the city, the clerk was guilty of official misconduct by appropriating it to his own use and failing to make any record of the transaction. These are duties imposed on the clerk by law, the violation of which renders his surety liable to the city. The fact that the city commissioners allowed the claims, with the full knowledge of their purport and·on an agreement that credit would be extended, is no defense. The statute prescribes the duties of the city clerk, and the city commissioners could not excuse his failure to perform his statutory duty.

"Drawing money from the public treasury on a warrant based on an illegal and unauthorized allowance by a board of officials is a breach of the officer's bond, and renders his sureties liable for the amount so drawn." (22 R. C. L. 507.)

The statute does provide that the city clerk "shall render such other service from time to time as said board may direct." (R. S. 14-1506.) The board could, of course, direct the city clerk to perform any duty not inconsistent with the statute, but any order or agreement made in violation of the statute is void.

The judgment is reversed and the court is directed to .enter judgment in favor of the plaintiff for the sum of $770.02, with interest thereon at the rate of six per cent per annum from April 24. 1926, and costs.