No. 33,606

Superior Grade School District No. 110 in Marion County, by C. L. Hawkins et al., *Appellees*, v. J. F. Rhodes, Treasurer of Superior Grade School District No. 110 in Marion County, Arthur Patterson and J. B. Hackler, *Appellants*.

(75 P. 2d 251)

Opinion filed January 29, 1938.

*Matt Guilfoyle* and *Thornton D. Scott*, both of Abilene, for the appellants.

*W. H. Carpenter, W. R. Carpenter* and *John E. Wheeler*, all of Marion, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This was an action by a common-school district to recover from its treasurer and his bondsmen $450 which it is alleged he paid unlawfully out of the funds of the district. A jury trial was waived. The trial court made findings of fact and conclusions of law and rendered judgment for plaintiffs. Defendants have appealed.

The facts are not seriously controverted and may be stated as follows: Common-school district No. 110, in Marion county, covers quite an area in Colfax township, the school building being near the town of Tampa, a city of the third class. On the other side of the township road, and a few hundred feet from the school grounds of the common-school district, are the school grounds and building of a rural high-school district. In 1935 the officers of school district No. 110, proceeding under the statutes relating thereto, prepared a budget and certified the same to the county clerk. This listed sums needed for teachers' salaries and supplies, other salaries and supplies, fuel, light and water, a nominal sum for new equipment, and $126.92 for miscellaneous purposes. The budget did

not provide for raising any money for new land and buildings, or for playground equipment.

In January, 1936, the NYA, an agency of the federal government, and the officers of the rural high-school district entered into a written agreement to build a swimming pool on or near the rural high-school grounds, and the officers of the city of Tampa and of school district No. 110 agreed orally to contribute to the cost thereof. The school district's contribution was to be $450. A school warrant for that amount was drawn on its miscellaneous fund. This was signed by the director and clerk and countersigned by the treasurer, J. F. Rhodes, and he paid the amount out of the school funds on hand on this swimming-pool project.

The trial court concluded that the payment by the defendant Rhodes of the sum was unlawful, for the reason that it was an appropriation of money for construction upon property not owned by the school district, of which he was treasurer, and for the further reason that it was an appropriation of funds of the school district for purposes other than those for which they had been raised.

It is not contended the school district had any money on hand to be expended for the purpose for which this $450 was paid. The budget offered in evidence had not provided for it. The statute (G. S. 1935, 79-2934) provides the funds raised by the budget shall not be used for any other purpose, and payments for purposes not provided for in the budget are unlawful and void as against the taxing subdivision (G. S. 1935, 79-2935). These provisions are in harmony with article 11, section 5, of our constitution. They should not be disregarded. The judgment of the trial court was in harmony with them.

The appellants point to the section of the budget act (G. S. 1935, 79-2936) which provides that an official who violates the provision of the act is subject to removal from office, and argue that was the sole liability of the treasurer. The point is not well taken. The payment was void as to the school district. If the treasurer paid it out wrongfully the school district was entitled to its money. Removing the treasurer from office would not restore the fund. That can be accomplished only by its return.

We are not concerned here with whether the building of a swimming pool is so closely connected with education as to be within the power of a school district to do; but, if so, the district would have to raise the money for that purpose, which was not done in

this case. It is true, as argued by appellants, that school-district officers have a wide discretion with respect to conducting a school, employing teachers, janitors, and purchasing supplies and equipment deemed necessary or appropriate for the successful conduct of the school; but this discretion is not unlimited. The officials are not above the law. They could not legally employ an unqualified teacher; neither can they lawfully use the funds of the district for purposes for which they were not raised.

The trial court found the report of the treasurer showing this expenditure was approved at the next annual school-district meeting. Appellants argue that is a ratification of the unlawful payment, citing *School District v. Swayze,* 29 Kan. 211; *Bank v. School District,* 102 Kan. 98, 169 Pac. 202; and *Farmers State Bank v. School District,* 134 Kan. 47, 4 P. 2d 404. We regard these cases as not in point. The budget law, which specifically makes payments for purposes for which no money had been raised void as to the school district, had not been enacted and was not considered in the cases cited. The purposes attempted to be accomplished by the statute will be lost if its provisions are ignored.

We find no error in the record. The judgment of the trial court is affirmed.