No. 36,773

THE JOINT CONSOLIDATED SCHOOL DISTRICT No. 2, by and through W. A. ENGELHARDT, a householder of said district, *Appellant,* v. HARRY H. JOHNSON, J. K. NELSON, J. E. VAWTER, J. K. NELSON, as Clerk, and J. E. VAWTER, as Treasurer of the Joint Consolidated School District No. 2 (also known as the Oakley Consolidated School District), and THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellees.*

(181 P. 2d 504)

W. K. SKINNER, judge pro tem. Opinion filed June 7, 1947.

*Clifford R. Holland,* of Russell, was on the briefs for the appellant.

*J. H. Jenson,* of Oakley, was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment sustaining a motion by the director of a school district to dismiss an action instituted by an individual in the name of such district.

On the 27th day of April, 1945, there was filed in the district court of Logan county an action entitled The Joint Consolidated School District No. 2, by and through W. A. Engelhardt, a householder of said District, Plaintiff, vs. Harry H. Johnson, J. K. Nelson, J. E. Vawter, J. K. Nelson, as Clerk, and J. E. Vawter, as Treasurer of The Joint Consolidated School District No. 2, also known as the Oakley Consolidated School District, and The American Surety Company of New York, a corporation, Defendants.

The petition, captioned as indicated, contains twenty-four causes of action, but we need give attention to the first cause only, since the allegations of the other twenty-three, except for names of school district employees and the amounts each is alleged to have received from the corporate entity, are identical in form and substance and present the same question. Hereafter, unless otherwise stated, reference to the petition and its contents is limited to allegations appearing in the first cause of action but what is said and held with respect thereto is equally applicable to the other causes of action to which we have referred.

Material averments of the petition will be outlined as briefly as possible. In substance such pleading contains the following allegations:

Plaintiff is a citizen of the United States; has lived within the boundaries of Joint Consolidated School District No. 2, known as the Oakley Consolidated School District, for more than three years prior to the date of the filing of the petition; has been during such period of time the owner of both personal and real property located within the boundaries of such district; has contributed to its support by the payment of taxes, and brings the action for and on behalf of the district, its voters and patrons, by reason of the neglect or refusal of its present director and the present county superintendent of the county in which it is located to prosecute it.

During the month of May, 1943, defendants, Johnson, Nelson and Vawter, were respectively director, clerk and treasurer of the district. Since May, 1943, defendant Nelson has been the clerk, and defendant Vawter, the treasurer of such district. The defendant, The American Surety Company of New York, a corporation, is a surety upon

Vawter's bond, which bond has never been released, canceled or discharged.

On May 4, 1943, at a special meeting Johnson, Nelson and Vawter, acting as the school district board, passed the following motion:

"To pay the teachers a bonus in bonds and stamps. The following are to receive a bonus for $75.00 bond: (Here follow the names of D. W. Cowan and nineteen other teachers, and employees of the district), James Rice and Mildred Reed are to receive bonds and stamps in the amount of $41.66, Inez Zeigler in the amount of $16.66 and Henry Carr for $50.00."

D. W. Cowan is a teacher and instructor who had been hired by the district under a written contract to teach its school during the period, or term, from July 1, 1942 to June 30, 1943.

Pursuant to the adoption of such motion, Vawter, as treasurer of the district, on or about May 4, 1943, issued, executed and delivered a check or warrant drawn upon the funds of such district in the sum of $75, which check or warrant was cashed by Cowan. The school district was not obligated to Cowan in any such sum and its payment to him constituted a payment of money from the district's school fund as a gift, gratuity or bonus, which facts were well known to defendants, Johnson, Nelson and Vawter, and constituted a wrongful, unauthorized and unlawful use of the funds of the district.

On the 4th day of March, 1945, plaintiff requested R. B. Medlin, who was then the director of the district, to institute an action against Vawter, as treasurer of the district, for the purpose of attempting to collect for and on behalf of the district the money paid by such defendant to Cowan.

About March 3, 1945, plaintiff requested the county superintendent of Logan county to commence such an action against Vawter, as treasurer, in the event Medlin failed, neglected or refused to institute proceedings as demanded by him.

Medlin, as director of the school district, and the county superintendent, each failed, neglected and refused to bring, or institute, or cause to be instituted proceedings against Vawter or the other defendants, who were officers of the district, for the purpose of collecting or attempting to collect the money wrongfully and unlawfully paid to Cowan.

The petition concludes by asking that the district have judgment on the first cause of action against all defendants for the amount paid to Cowan out of school district funds pursuant to the bonus motion. It prays also for a similar judgment on each of the other twenty-three causes of action set forth therein.

Attached to the petition, which was not motioned on the point in question, and by appropriate allegations made a part thereof, are what are referred to in that pleading as the requests made to the present director of the district and to the county superintendent. For our purposes, although such pleading fails to specifically so state, we must assume those requests, identified as exhibits "A" and "B" respectively, were in writing and that they were either read to or served upon the officials named.

Examination of exhibit "A" reveals it is captioned "Demand" and addressed to R. B. Medlin, as director of the district. By its terms, it expressly requested and demanded that officer to commence proceedings against Vawter, as treasurer, his bondsmen, and the other members of the school board, for the purpose of collecting the money spent and disbursed by the school board in paying the involved bonuses.

Exhibit "B" has a similar heading and is addressed to Ethel J. Murphy as county superintendent of Logan county. It recites that a demand had been made upon Medlin as director to institute proceedings against the treasurer and his sureties for the purpose therein stated and contains a specific demand that in the event of his failure, neglect or refusal to do so then, and in that event, such official institute proceedings against Vawter and his sureties and the individuals who were members of the school board during the month of May, 1943.

Also attached to the petition, amended in that respect only as a result of defendants' motion requesting it, is a copy of the treasurer's bond. Pertinent portions of that instrument read:

"Now Therefore if the said J. E. Vawter shall safely keep all moneys which may be collected or received by him, or which may otherwise come into his hands by virtue of his office, as required by law, and pay the same over to the proper person or authority, and shall honestly and faithfully discharge and perform all the duties of his office, and shall deliver to his successor in office all the books, records, papers and all other things belonging to said office, then this obligation shall be void; otherwise to remain in full force and effect."

Sometime after the filing of the petition and the amendment thereto the following motion was filed:

"Comes now the above named School District by R. B. Medlin, the duly elected, qualified and acting director of such School District and Plaintiff above named, and moves the Court to dismiss this action.

        J. H. JENSON,
            Attorney for Joint Consolidated School, District No. 2."

The sustaining of such motion followed by a judgment dismissing the action and the taxing of the costs thereof to W. A. Engelhardt as plaintiff therein resulted in this appeal.

Before proceeding further we note the notice of appeal is directed to R. B. Medlin, as director of the school district, as well as all other parties named as defendants in the petition, except Harry H. Johnson who, we are informed by appellant, is not now an official of the district, was not served with summons, and is no longer involved. Hence, since no question is raised by anyone as to proper parties, any reference to appellees includes all persons named in such notice.

From the factual situation disclosed by the foregoing statement it is evident the fundamental question squarely presented by the record in this case is whether a qualified voter of a school district may institute and maintain an action in the name of the district against the treasurer thereof and his bondsmen to recover funds alleged to have been drawn from its treasury on a warrant based on an illegal and unauthorized allowance by its board even though its director appears in the action and moves to dismiss that proceeding.

At the outset it can be stated it will not here be necessary to direct attention to the comparatively few instances where a private person may maintain an action challenging the regularity of official or corporate action. Appellant recognizes the well-established rule (See *Nixon v. School District*, 32 Kan. 510, 4 Pac. 1017, also *Dunn v. Morton County Comm'rs*, 162 Kan. 449, 177 P. 2d 207, and the numerous cases there cited expounding the principle) that in the absence of specific statutory authority, an individual cannot by virtue of being a citizen and taxpayer maintain an action against a school district or its officers where the act complained of affects merely the interests of the public in general and not his own in particular. He asserts and concedes his right to maintain the action as captioned is derived solely from provisions of a statute expressly granting him that privilege.

The statute upon which appellant relies, in force and effect on the date he filed the suit, is G. S. 1943 Supp. 72-1016. It reads:

"The treasurer of each common-school district shall execute to the district a corporate surety bond, to be not less than one hundred twenty-five percent nor more than two hundred percent to the amount, as near as can be ascertained, to come into his hands as treasurer at any one time: *Provided,* The treasurer of any common-school district where the amount as nearly as can be ascertained to come into his hands as treasurer, shall not exceed one thousand dollars

at any one time during the year, may, when the board so determines, in lieu of such corporate surety bond, execute to the district a bond in double the amount, as nearly as can be ascertained, to come into his hands as treasurer during the year, with two or more sufficient sureties, conditioned to the faithful discharge of the duties of said office. The amount and sufficiency of all bonds shall be determined by the county superintendent, and upon his approval endorsed on the bond, shall be filed with the county superintendent, who shall immediately notify the district clerk of such approval and filing. In the event of the breach of any condition thereof, the director shall cause a suit to be commenced thereon in the name of the district, in which suit it shall not be necessary to include the treasurer as a party to said suit and the money collected shall be applied to the use of the district, as the same should have been applied by the treasurer. Should any director neglect or refuse to prosecute, then the county superintendent shall, or, any qualified voter in the district may, cause such prosecution to be instituted."

Notwithstanding the parties agree the fundamental question involved is the one heretofore stated, the appellees raise several collateral questions relating to the sufficiency of the petition, which should first be determined. In their disposition the motion to dismiss must be regarded as tantamount to a demurrer, and subject to the rule it admits all well-pleaded facts to be found in that pleading together with all reasonable inferences to be drawn therefrom.

Appellees first point to the language "any qualified voter in the district may cause such prosecution to be instituted," appearing in the last sentence of 72-1016, *supra*. They contend the petition contains no allegation to the effect appellant was a qualified voter, and argue that for such reason it fails to state a cause of action or disclose his right to maintain the proceeding. Let us see. Appellant identifies himself in the caption of the petition as a householder of the district. G. S. 1935, 77-201, *Twenty-fifth*, provides:

"The term 'householder' shall be construed to mean a person of full age, and owning or occupying a house as a place of residence, and not as a boarder or lodger."

In addition, among other things heretofore mentioned, he states that he is a citizen of the United States who has lived in the district for more than three years prior to the date of the filing of the cause. Under the rule, when tested by a demurrer, we do not believe it can be said as a matter of law the petition fails to show that appellant was a qualified voter of the district.

Next, appellees contend the petition does not allege a breach of a condition of the bond. It does set forth the resolution under which payments sought to be recovered were made, providing the

district teachers were to be paid a "bonus" and states the district was not obligated to Cowan or others similarly paid. In addition, it charges such payments were made as a gift under conditions known to the defendant members of the board. The term bonus has a well-known meaning. It is defined in Webster's New International Dictionary, Second Edition, as "Something given in addition to what is ordinarily received by, or strictly due to, the recipient" and as "money, or an equivalent, given in addition to an agreed compensation." It is true, of course, that the term "bonus" does not always denote a gift or gratuity and that under proper factual allegations it may have an entirely different meaning. However, in view of the common and accepted definition of the term it is our view that when found in a petition, standing alone and unexplained, a reasonable inference to be drawn from its use is that it implies, if in fact it does not actually signify, an outright donation. Of a certainty, when accompanied by express allegations identifying it as a gift, the term as used in the pleading under consideration must be so construed.

That a public officer entrusted with public funds has no right to give them away is a statement so obviously true and correct as to preclude the necessity for citation of many authorities. (See 43 Am. Jur. 112, § 308.) Equally well established is the proposition that school funds can be expended by the district board only for purposes authorized by the statute either expressly or by necessary implication (47 Am. Jur. 363, § 92). This court has so held as recently as *Rose v. School District No. 94,* 162 Kan. 720, 179 P. 2d 181. We find nothing in our statute pertaining to schools which permits the payment of gifts or gratuities by school district boards. In fact, if funds of the district are so expended they are paid out for purposes other than that for which they were raised and their payment is unlawful. Under our decisions, well supported by other authorities, the drawing of money from the public treasury on a warrant based on an illegal and unauthorized allowance by a board of officials constitutes a breach of an official bond providing such officers shall faithfully perform their duties and renders their sureties liable for the amount so drawn (*City of Anthony v. Corbin,* 133 Kan. 337, 299 Pac. 603; *Superior Grade School District No. 110 v. Rhodes,* 147 Kan. 29, 75 P. 2d 251; 43 Am. Jur. 193, § 422). It follows appellees' contention the petition did not allege a breach of the treasurer's bond cannot be sustained.

Another claim is that under the pleadings there could be no liability on the treasurer's bond. We have just answered the contention but further resort to provisions of the bond, heretofore set forth at length and for that reason not repeated, and to our decisions can only serve to emphasize the correctness of our answer.

In *City of Anthony v. Corbin*, supra, we held:

"The condition of a city clerk's bond, providing for the faithful discharge of his official duties, is broken by his approval and allowance of claims and countersigning city warrants in payment thereof, known by him to be illegal claims against such city." (Syl.)

To the same effect is *Superior Grade School District No. 110 v. Rhodes*, supra, holding:

"The treasurer of a common-school district paid out money of the district for a purpose for which it had not been raised. Held: (1) The payment was unlawful and void as to the school district. (2) The school district, in an action brought for that purpose, rightfully was given judgment against the school-district treasurer and his bondsmen for the sum so paid." (Syl.)

Still another contention advanced is that appellant on appeal for the first time claims a right to maintain the action under the provisions of G. S. 1943 Supp. 72-1016. To support this claim appellees point out that the director and clerk are made defendants, whereas the statute merely provides the suit can be maintained on the bond or, at the most, against the treasurer and his surety, and argue this fact in itself evidences no attempt was ever made to come within its terms. The answer to the contention is to be found in the petition. It alleges the defendant, The American Surety Company, was the surety upon the treasurer's bond which was then in force and effect. In addition the requests, served upon the director and county superintendent and made a part of that pleading, expressly state that demand was being made upon such officials to commence proceedings against Vawter, as treasurer, and his bondsmen. Assuming the correctness of appellees' claim appellant did not base his cause in the court below expressly upon 72-1016, *supra*, the allegations to which we have specifically referred were sufficient to put the trial court on notice that appellant was claiming a right to prosecute the action as an individual, and it was required to take judicial cognizance of any statute which permitted him to do so. The argument supporting the contention—where as here the motion to dismiss is equivalent to a demurrer—is answered by our decision in *Updegraff v. Lucas*, 76 Kan. 456, 93 Pac. 630, where we held:

"A petition which otherwise states a cause of action is not subject to a demurrer for the reason that it seeks to recover more or different relief than that to which plaintiff is entitled." (Syl. ¶ 1.)

Appellees' final claim with respect to failure of the petition to state a cause of action is that inasmuch as that pleading discloses the warrants involved were drawn by the clerk and approved by the director it was the imperative duty of the treasurer to pay them irrespective of the legality of the bonus claims which gave rise to their execution. As supporting this contention they direct our attention to G. S. 1935, 72-1017, which reads:

"The treasurer of each district shall pay out, on the order of the clerk, signed by the director of the district, all public moneys which shall come into his hands for the use of the district."

On the point in question it must be remembered that the complete duty of a school district treasurer is not covered by the provision just quoted from our school laws, but must be considered in connection with other sections of the general statutes prescribing the duties of that official. One of these, G. S. 1945 Supp. 10-801, states:

"All warrants shall be drawn to the order of the person or persons entitled to receive the same, and shall specify the nature of the claim or service for which they were issued and out of what fund payable; and the term 'warrants,' as used in this act, shall be understood to include all orders of any kind or description *authorized by law* to be drawn on public treasurers for money payments . . ." (Emphasis supplied.)

Another, G. S. 1935, 10-802, reads:

"No warrants shall be issued *except under due authority as provided by law;* . . ." (Emphasis supplied.)

Still another, G. S. 1945 Supp. 10-806, provides:

"It shall be the duty of the treasurer of any county, city, township, school district or board of education to pay on presentation *any warrant properly drawn* on any fund in his custody by virtue of his office, . . ." (Emphasis supplied.)

Without the benefit of precedent we would have little hesitancy in holding that the language of the three preceding sections of the statute is to be construed to mean that a school district treasurer has no right to issue a warrant unless the claim on which it is based is authorized by law. Our decisions (*City of Anthony v. Corbin,* supra; *Superior Grade School District No. 110 v. Rhodes,* supra) permitting recovery from the treasurer and his sureties, and our recent decision in *Chaney v. Edmonds,* 153 Kan. 668, 113 P. 2d 81,

holding that a warrant to pay attorneys, drawn upon the wrong fund, is not "properly drawn," make that conclusion inescapable. If statements appearing in the opinion of *Faulk v. McCartney*, 42 Kan. 695, 22 Pac. 712, cited and heavily relied upon as sustaining appellees' claim, support a contrary conclusion they are to be disregarded as erroneous.

Having disposed of subordinate questions consideration of the fundamental issue whether appellant has legal capacity to institute and maintain the action is not so intricate. Notwithstanding the rule which precludes individuals generally from maintaining suits questioning the action of public officials, there can be no doubt but that the legislature has power to grant them that privilege either singly or collectively. Illustrative of legislative exercise of this right is G. S. 1935, 60-1121, repeatedly approved by our decisions (*Jackson v. Joint Consolidated School District*, 123 Kan. 325, 255 Pac. 87; *Carothers v. Board of Education*, 153 Kan. 126, 109 P. 2d 63; *Weigand v. City of Wichita*, 111 Kan. 455, 207 Pac. 651). It reads:

"An injunction may be granted to enjoin the illegal levy of any tax, charge, or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same, or to enjoin any public officer, board or body from entering into any contract or doing any act not authorized by law that may result in the creation of any public burden or the levy of any illegal tax, charge or assessment; *and any number of persons whose property is or may be affected by a tax or assessment so levied, or whose burden as taxpayers may be increased by the threatened unauthorized contract or act, may unite in the petition filed to obtain such injunction:* . . ." (Emphasis supplied.)

We discern no sound basis for differentiation between the foregoing section of the statute and G. S. 1943 Supp. 72-1016 providing that in event of the breach of any condition of a school district treasurer's bond any qualified voter of the district may cause a prosecution to be instituted thereon if the director of the district or the county superintendent neglect or refuse to bring the action. True enough, as is suggested, the school district has additional protection. If the director refuses to take action for the recovery of funds illegally expended by the district board the voters may act, or the public functionary selected by law may do so. Even so, that does not limit the right of the legislature to grant similar power to others. All section 72-1016 does is to carve out another exception to the general rule and provide a further and additional method of recovery at the instigation of a qualified voter, dependent, of course, upon the exist-

ence of conditions and circumstances therein outlined. As originally enacted it has also been recognized and approved. In *School District v. Brand,* 71 Kan. 728, 81 Pac. 473, we held:

"Under section 6174 of the General Statutes of 1901 (now G. S. 1943 Supp. 72-1016) in case of the breach of any condition of the bond of a school-district treasurer, if the director neglect or refuse to prosecute an action any householder of the district may cause such prosecution to be instituted in the name, and for the benefit, of the school district, and may maintain and prosecute the action to final judgment." (Syl.)

Since the appellant's petition contains allegations sufficient to bring him within the scope of the provisions of G. S. 1943 Supp. 72-1016, we conclude he has legal capacity to maintain the action. Obviously, what has been here said and held with respect to his right to do so applies only to the ruling on the motion to dismiss and is in no sense to be construed as determinative of the rights of the parties in further proceeding before the trial court.

In conclusion it should be stated we have not been unmindful of the provisions of our school law which prescribe the duties of a school district director. Dealing with that specific subject G. S. 1945 Supp. 72-1004, in part reads:

"He shall appear for and in behalf of the district in all suits brought by or against the district, unless other directions shall be given by the voters of such district at a district meeting. . . ."

Nor have we overlooked decisions cited by appellees having to do with its force and effect. We simply hold that G. S. 1943 Supp. 72-1016 (amended by Laws 1945, ch. 288, sec. 1, and now G. S. 1945 Supp. 72-1016), notwithstanding the general powers conferred upon a director by the last quoted section of the statute, specifically authorizes and permits a qualified voter of a school district to prosecute an action for an alleged breach of any condition of the district treasurer's bond in the event its director neglects or refuses to do so. It follows, neither that statute nor decisions pertaining thereto are determinative of the issue involved in the case at bar.

The judgment sustaining the motion to dismiss the action is reversed.

HOCH, J., not participating.