The Honorable Janis K. Lee Senate Democrat Caucus Chair State Senator, 36th District State Capitol, Room 402-S Topeka, Kansas 66612
Dear Senator Lee:
As senator for the thirty-sixth district, you request our opinion regarding whether a unified school district may purchase computers for installation in residences of members of the board of education of the school district. More specifically, you first ask "do present laws permit the school board to place school district computers in board members' homes in order to facilitate communication between and among the school administration and board members?" You further ask, if our answer is affirmative, "are there limitations on the uses board members may make of the computer equipment?"
School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence. Hobart v.U.S.D. 309, 230 Kan. 375, 383 (1981). Express authority to make various purchases is set forth in a number of statutes, ie. K.S.A.72-5389 (items for use of pupils); 72-8211 (teacherages); and 72-8401 et seq. (insurance). It appears no statute expressly provides for purchase of equipment, materials, and supplies to be used by members of the board of education. However, authority to acquire property in general is granted under other statutory provisions. Pursuant to subsection (e) of K.S.A. 72-8212, a board of education is empowered to "acquire personal and real property by purchase, gift or the exercise of the power of eminent domain. . . ." See also K.S.A. 1993 Supp. 72-6761; K.S.A.72-8804. Given such authority, it is our opinion that a unified school district may purchase computers to be used by members of the board of education.
The board of education of a unified school district is obligated to "have the title to and the care and keeping of all school buildings and other school property belonging to the district." K.S.A. 72-8212. The unified school district may keep such property at locations it deems adequate and appropriate. Therefore, the school district may place computers it purchases in the residences of members of the board of education. However, a unified school district does not have the authority to convey a gift or gratuity. Joint Consolidated School District No. 2 v.Johnson, 163 Kan. 202, 208 (1947); Attorney General Opinion No. 90-46. The public purpose doctrine prohibits the appropriation of public money or property for private individuals unless a public purpose is served by such appropriation. Ullrich v. Board ofThomas County Commissioners, 234 Kan. 782, 788-89 (1984). The computers remain the property of the unified school district and may be used only for school purposes.
Additionally, you ask whether communications among school board members through an interconnected computer system constitute a meeting under the Kansas open meetings act (KOMA), K.S.A. 75-4317et seq.
As you correctly point out, K.S.A. 75-4317a has been amended to read:
 "As used in this act, `meeting' means any gathering, assembly, telephone call or any other means of interactive communication by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency." L. 1994, ch. 64, sec. 1.
The issue is whether the communication between the school board members using the computers is a meeting within the meaning of the KOMA, and therefore, without proper notice, a violation of the KOMA. In order to constitute a meeting, the following three elements must be present:
 1) it is a gathering, assembly, telephone call or any other means of interactive communication,
 2) it is participated in by a majority of a quorum of the membership of an agency or body, and
 3) it is for the purpose of discussing business or the affairs of the body.
As a general rule, boards of education consist of seven members, with the exception of Fort Leavenworth U.S.D. No. 207. K.S.A.72-7901. A majority would therefore be four and a majority of the quorum is three; therefore, three school board members must engage in discussion of the board business in some way in order to be considered a "meeting" for purposes of the KOMA.
There must also be a "gathering, assembly, telephone call or any other means of interactive communication," in order to constitute a "meeting." Communication by computer terminals among the board members does not involve physical presence of members, therefore, it is not a "gathering or assembly" according to the Kansas Supreme Court in Stephan v. Seward County Commissioners,254 Kan. 446, 449 (1993). It is also not a telephone call. Therefore, the crucial question is whether communication by computer terminals constitutes another "means of interactive communication."
The original proposed 1994 amendment to the KOMA included "electronic and written communication," but during the discussion of the senate committee on local government, "written communication" was struck and "any other means of interactive communication" was inserted. (Minutes, Senate Committee on Local Government, February 10, 1994). Written public communication is governed by the Kansas open records act for its disclosure to the public. However, the legislature did include some types of computer communication within the realm of the KOMA; those that are "interactive."
The term "interact" is defined as "act on each other," according to the Webster's II New Riverside University Dictionary. If the sender of a message through the computer does not get a response immediately from a receiver, the communication is not "interactive." Simply sending a message through a computer to other board members is similar to sending a written memo, rather than carrying on a conversation or discussion on the telephone. If no discussion or conversation is had among the board members through the computers, there is no "meeting" within the meaning of the KOMA.
Additionally, merely having computer equipment which is capable of interactive communication is not in itself a violation of the KOMA; just as having a telephone at home is not a violation of the KOMA. We are unable to foresee all the possible circumstances involving the use of computer as a communication method. The determination must be made as to whether the communication constitutes a "meeting" under each factual situation when it arises. This opinion therefore is intended to serve as a general guideline regarding the computer as a communication method among the board members.
In conclusion, a board of education may purchase computer terminals to be placed in the residences of members of the board of education. The computer terminals remain the property of the unified school district and may be used solely for school purposes until such time as the board of education may determine the computer terminals are no longer needed and dispose of them as authorized by state statute. Second, school board members may be in violation of the KOMA, if three or more board members simultaneously engage in discussion of the board business through computer terminals. However, simply sending a message to other board members would not constitute an "interactive communication," within the meaning of the KOMA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
CJS:JLM:NKF:bas