The Honorable Ralph M. Tanner State Representative, 10th District 1201 9th Street, P.O. Box 647 Baldwin City, Kansas 66066
Dear Representative Tanner:
You request our opinion regarding whether a unified school district may expend funds to pay costs incurred by a plaintiff in a lawsuit when neither the State nor any of its political subdivisions is a complaining party.
Several plaintiffs, including two unified school districts, have filed suit in Federal District Court challenging the legality of portions of the School District Finance and Quality Performance Act, K.S.A. 72-6405 et seq. It has come to your attention that the unified school districts are seeking to be removed as plaintiffs in the case. You believe the school districts would like to contribute funds to pay a portion of the costs of the litigation borne by the remaining plaintiffs.
In order to determine whether a unified school district may contribute school funds to cover costs of litigation in which the school district is not a party, the status of a unified school district must be reviewed. "A school district is an arm of the state existing only as a creature of the legislature to operate as a political subdivision of the state. A school district has only such power and authority as is granted by the legislature . . . either expressly or by necessary implication."[1]
 "That a public officer entrusted with public funds has no right to give them away is a statement so obviously true and correct as to preclude the necessity for citation of many authorities. See 43 Am.Jur. 112, § 308. Equally well established is the proposition that school funds can be expended by the district board only for purposes authorized by the statute either expressly or by necessary implication. 47 Am.Jur. 363, § 92. This court has so held as recently as Rose v. School District No. 94, 162 Kan. 720, 179 P.2d 181. We find nothing in our statute pertaining to schools which permits the payment of gifts or gratuities by school district boards. In fact if funds of the district are so expended they are paid out for purposes other than that for which they were raised and their payment is unlawful. Under our decisions, well supported by other authorities, the drawing of money from the public treasury on a warrant based on an illegal and unauthorized allowance by a board of officials constitutes a breach of an official bond providing such officers shall faithfully perform their duties and renders their sureties liable for the amount so drawn. City of Anthony v. Corbin, 133 Kan. 337, 299 P. 603; Superior Grade School District No. 110 in Marion County v. Rhodes, 147 Kan. 29, 75 P.2d 251, 252; 43 Am.Jur. 193, § 422."[2]
It appears the authority of a unified school district to pay expenses associated with a lawsuit is derived from K.S.A. 72-8201
and 72-8205. A unified school district is "designated by the name and style of `unified school district No. _______________ (the number designated by the state superintendent), _____________________ county (naming the home county of the unified district), state of Kansas,' and by such name may sue andbe sued. . . ."[3] In addition, a board of education "may provide legal counsel at district expense to any members of the board of education, or school district officers or employees who are sued in situations relating to and arising out of the performance of their office or employment."[4] Clearly, a unified school district may pay litigation expenses when it is a named party in a lawsuit. It may also pay the expenses of legal counsel representing a member of the board of education or an officer or employee of the school district if such individual is sued in a situation relating to and arising out of the performance of his or her office or employment. There is no implied authority from either statute that would permit a unified school district to pay any expenses associated with a lawsuit in which the school district is not a named party, or a member of the board or officer or employee of the district is not being sued. A unified school district, therefore, is not authorized to contribute funds to pay a portion of the costs of litigation borne by the remaining plaintiffs in a lawsuit regarding the legality of school finance once the school district is removed as a plaintiff in the suit.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] NEA-Wichita v. U.S.D. No. 259, 234 Kan. 512, 517 (1983), quoting Gragg v. U.S.D. No. 287, 6 Kan. App. 2d 152, Syl. ¶ 3 (1981).
[2] Joint Consolidated District No. 2 v. Johnson,163 Kan. 202, 208 (1947).
[3] K.S.A. 72-8201 (emphasis added). See also K.S.A.72-8121.
[4] K.S.A. 72-8205.