Rodney J. Bieker, General Counsel Kansas State Department of Education 120 S.E. 10th Avenue Topeka, Kansas 66612-1182
Dear Mr. Bieker:
As general counsel for the Kansas State Department of Education, you request our opinion regarding whether Unified School District No. 423 may reimburse a student or parent of a student for costs incurred by the student or parent in acquiring equipment and materials, including computer hardware, computer software, books, supplies and Internet access, that enable the student to participate in a program proposed by the School District.
Unified School District No. 423 (USD No. 423) has proposed a program referred to as Mid-Kansas Independent Academy. A brochure outlining the program indicates it is available to home schooling families, students wishing to take on-line courses, adults wishing to finish high school from home, and "self-motivated independent learners."[1] Under the program, a student is enrolled in the Academy and a program of study for the student is designed by the student or parent of the student. The program of study is to include the student's or parent's choice of courses, curriculum materials, and instructors. The School District, through the Academy, is responsible for providing: all curriculum materials for subjects that are taught in the School District's curriculum, including textbooks and workbooks; all educational services supplied to students attending school in the School District, including Internet access and field trip expenses; library services, including interlibrary loan and mailing services; all assessment materials; access to other services provided by the School District, including hearing and vision evaluations and other special programs; and other assistance requested by a student or parent in completing the chosen program of study. The expense reimbursement is limited to a maximum of $2,000 per student per year, unless other arrangements have been made by the superintendent. The reimbursement is available only to a student who is enrolled as a student of the School District on September 20 and is counted as a student of the School District for State funding purposes.
The only aspect of the program proposed by USD No. 423 that we are reviewing in this opinion is whether the School District may reimburse a student or parent for costs incurred by the student or parent in acquiring "equipment (computer hardware), intangibles (Internet access) and materials (software, books and supplies)"[2] that enable the student to participate in the selected program of study.
Any review of the authority of a unified school district must be premised upon the long-standing principle that a school district has only such authority as is conferred upon it by State statute.
 "School districts and other subdivisions of the state have only such powers as are conferred upon them by statute, specifically or by clear implication, and any reasonable doubt as to the existence of such power should be resolved against its existence."[3]
Moneys held by a unified school district constitute public funds.[4]
Funds utilized by a unified school district are raised through various assessments and may be used only for the purposes designated for the specific assessment.[5] The public purpose doctrine prohibits the appropriation of public money or property for private individuals unless a public purpose is served by such appropriation.[6] "What is for the public good or what are public purposes for which appropriations may be made are questions which the legislature must in the first instance decide."[7] If the expenditure of funds is not authorized by State statute, the expenditure may constitute a gift or gratuity.[8] Such conveyances may not be made by a school district.[9]
A review of State statutes shows only one instance in which a school district is expressly authorized to use its funds for the purpose of reimbursing a private person for expenses incurred by that person. A school district is authorized to "reimburse persons who furnish transportation to pupils, students or school personnel in privately owned motor vehicles."[10] The statute is restricted to the reimbursement of transportation costs. Clearly, the statute cannot be relied upon by USD No. 423 as authorizing it to reimburse a student or parent for costs incurred by the student or parent in acquiring equipment, intangibles, or materials that enable the student to participate in the Mid-Kansas Independent Academy program established by the School District.
Because there is no express authority in State statute which would allow a school district to reimburse a student or parent as proposed, we review whether a statute clearly implies such authority. K.S.A. 1999 Supp. 72-5389 states:
 "The board of education of any school district may purchase, for the use of the pupils of the district, any of the following:
 "(a) Workbooks and materials which are supplemental to textbooks used in specific courses;
 "(b) specialized clothing and towels for use in physical education, shop, and science courses;
"(c) musical instruments for use in band or orchestra;
 "(d) instructional materials for the use of technology in specific courses; and
 "(e) materials or supplies which are consumed in specific courses or projects or in which the pupil may retain ownership upon completion of such courses or projects."
In determining whether the statute authorizes a school district to reimburse a student or parent for costs incurred by the student or parent in acquiring equipment, intangibles, or materials necessary for the student to participate in the program established by USD No. 423, we refer to applicable rules of statutory construction set forth in HartfordCas. Ins. Co. v. Credit Union 1 of Kansas.[11]
 "The interpretation of a statute is a question of law, and this court's review is unlimited. Hamilton v. State Farm Fire Cas. Co., 263 Kan. 875, 879, 953 P.2d 1027 (1998). The fundamental rule to be applied when interpreting a statute is that the intent of the legislature governs, where that intent can be ascertained. Legislative Coordinating Council v. Stanley, 264 Kan. 690, 702, 957 P.2d 379 (1998). Where a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should be. In re Marriage of Killman, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). Where, however, the face of the statute leaves its construction uncertain, the court is not limited to a mere consideration of the language used, but may consider the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. See Adams v. St. Francis Regional Med. Center, 264 Kan. 144, 156, 955 P.2d 1169
(1998)."[12]
The statute authorizes a school district to purchase certain materials, items, or supplies for the use of pupils in their education. It appears the Legislature deemed that the school district would retain ownership of the materials, items, or supplies, except for those materials or supplies set forth in subsection (e) of K.S.A. 1999 Supp. 72-5389.
Legislative history of the statute indicates that it and K.S.A. 1999 Supp. 72-5390 were originally enacted in response to an opinion that was issued by the Attorney General.[13] The legal issue addressed in the opinion was whether a school district had the authority to assess and collect certain fees. The Attorney General determined a school district could not charge fees for the following materials or items: newspaper and film strips used in class; drawing materials such as paper, pencils, and erasers; mechanical drawing equipment such as T-squares, drafting sets, and slide rules required in class; band and vocal music equipment; workbooks; or uniforms, towels, or equipment used in mandatory physical education classes.[14] It was further determined that:
 "[A] district may assess no charge for consumable supplies used and furnished for teaching purposes in such classes as welding, cooking, industrial arts, business and secretarial skills, home economics and the like. . . . No fees or supplemental charges may be assessed for enrollment in such classes or for the rental, purchase or use of materials, consumable or otherwise, which are furnished by the district to such students, unless and until express statutory authority is provided therefor."[15]
K.S.A. 1999 Supp. 72-5390 was enacted to provide a school district with the express statutory authority the Attorney General determined was required in order for a school district to prescribe, assess, and collect fees and supplemental charges. Such fees and charges could be collected for "[t]he use, rental or purchase by pupils of any of the items designated in K.S.A. 72-5389, and amendments thereto, to offset, in part or in total, the expense of purchasing such items. . . ."[16] As previously noted, only subsection (e) of K.S.A. 1999 Supp. 72-5389
contemplates transfer of ownership to the pupil. Under subsection (e), the materials or supplies would be consumed in completing the course or project or the materials or supplies would be part of a project a student strove to complete as part of a class. The transfer of ownership would occur only upon the completion of the course or project. In our opinion K.S.A. 1999 Supp. 72-5389 does not clearly imply that USD No. 423 has authority to reimburse a student or parent for costs associated with acquiring equipment, intangibles, or materials contemplated for participation in the Mid-Kansas Independent Academy Program.
In Attorney General Opinion No. 95-13, it was determined a school district has the authority to purchase computer terminals that would be placed in the homes of members of the school board. The authority to make such purchases was derived from subsection (e) of K.S.A. 72-8212. However, it was required that the computer terminals remain the property of the school district and that they be used solely for school purposes. Under the factual situation presented herein, the equipment, intangibles, or materials were never property of the school district, nor is it clear that the items would be used exclusively for school purposes. The situation contemplated in Attorney General Opinion No. 95-13
is distinguishable from the situation presented herein.
After reviewing the statutes, we are unable to locate a statute which confers upon USD No. 423, specifically or by clear implication, authority to reimburse a student or parent for costs incurred by the student or parent in acquiring equipment and materials, including computer hardware, computer software, books, supplies, and internet access, that enable the student to participate in the Mid-Kansas Independent Academy program.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Rodney J. Bieker, Correspondence, Attachment, August 23, 2000.
[2] Rodney J. Bieker, Correspondence, August 23, 2000.
[3] Hobart v. Board of Education, 230 Kan. 375, 383 (1981).
[4] Joint Consolidated District No. 2 v. Johnson, 163 Kan. 202, 208
(1947). See also Attorney General Opinion No. 92-155.
[5] Attorney General Opinion No. 95-79.
[6] Ullrich v. Board of Thomas County Commissioners, 234 Kan. 782,788-89 (1984).
[7] Id. at 789.
[8] Joint Consolidated District No. 2, 163 Kan. at 208; Attorney General Opinion No. 90-46.
[9] Id.
[10] K.S.A. 1999 Supp. 72-8301(c)(5).
[11] 268 Kan. 121 (1999).
[12] Id. at 124-25.
[13] Minutes, House Committee on Education, March 10, 1976.
[14] Attorney General Opinion No. 76-35.
[15] Id.
[16] K.S.A. 1999 Supp. 72-5390(a)(1).