Cheryl WhelanGeneral Counsel Kansas State Department of Education 120 S.E. 10th Street Topeka, Kansas 66612
Dear Ms. Whelan:
As general counsel for the Kansas State Department of Education, you ask whether the board of education of a unified school district may use public funds from its general fund, supplemental general fund, or capital outlay fund to finance *Page 2 
the remodeling or renovating of a building that the board intends to lease or sell to a third party which will use the building without regard to school district purposes.
Section 5 of Article 6 of the Kansas Constitution provides that "[l]ocal public schools under the general supervision of the state board of education shall be maintained, developed and operated by locally elected boards." Historically, a local board had only such power and authority as was granted by the Legislature, either expressly or by necessary implication.[1] In 2003, however, the Legislature conferred upon local boards limited home rule authority. A local board of education now has the authority to "transact all school district business and adopt policies that the board deems appropriate to perform its constitutional duty to maintain, develop and operate local public schools," provided the board's actions are in "compliance with state law."[2] While the home rule authority conferred upon a board is not as extensive as the authority conferred upon a city[3] or county[4] in that a board may not exempt itself from state law, the home rule authority is similar in allowing a board to supplement state law when performing its duty to maintain, develop and operate local public schools.
The board of education of a unified school district has control of the school district property, including the school buildings, school grounds and all structures erected thereon.[5] "The board of education of any school district, as lessee or lessor, may enter into written contracts for the use of real or personal property. . . ."[6] The lease may include provisions obligating the school district to pay costs of maintenance or other expenses.[7] In addition, the board of education may close any school building at any time the board determines the closure improves the school system[8] and may dispose of school buildings and other properties no longer needed by the school district "in such manner and upon such terms and conditions as the board deems to be in the best interest of the school district."[9]
General Fund and Local Option Budget
Procedures for establishing the general fund and the local option budget are included in the School District Finance and Quality Performance Act.[10] *Page 3 
 (a) "General fund" means the fund of a district from which operating expenses are paid and in which is deposited the proceeds from the tax levied under K.S.A. 72-6431, and amendments thereto, all amounts of general state aid under this act, payments under K.S.A. 72-7105a, and amendments thereto, payments of federal funds made available under the provisions of title I of public law 874, except amounts received for assistance in cases of major disaster and amounts received under the low-rent housing program, and such other moneys as are provided by law.
 (b) "Operating expenses" means the total expenditures and lawful transfers from the general fund of a district during a school year for all purposes, except expenditures for the purposes specified in K.S.A. 72-6430, [11] and amendments thereto.[12]
By following the procedure set forth in K.S.A. 2010 Supp. 72-6433, the board of a school district may adopt a local option budget. Funds raised through the local option budget are deposited in the school district's "supplemental general fund" and "may be expended for any purpose for which expenditures from the general fund are authorized," except for "payments under any lease-purchase agreement involving the acquisition of land or buildings which is entered into pursuant to the provisions of K.S.A. 72-8225, and amendments thereto."[13]
The school district has broad authority in determining the terms and conditions under which a building is disposed. Modifying a building to meet the needs of a potential lessee or purchaser is a legitimate term and condition of disposing of the building. If a board determines that the best interest of the school district is served by remodeling or renovating a building to make it more marketable, expenditures for the costs of the remodeling or renovation may be construed as operating expenses of the district. Such expenditures are not included among those exclusions listed in K.S.A. 2010 Supp. 72-6430. Therefore, moneys held in the district's general fund and supplemental general fund may be used to pay the costs of remodeling or renovating a building that the board intends to lease or sell to a third party to the same extent that such funds could be used to remodel or renovate a building that the board intends for the district to continue to own.
Capital Outlay Levy
As prescribed in K.S.A. 2010 Supp. 72-8801, the board of education of a unified school district may institute an annual capital outlay tax levy. Funds raisedthrough *Page 4 
the levy may be used "for the purpose of the acquisition, construction, reconstruction, repair, remodeling, additions to, furnishing and equipping of buildings necessary for schooldistrict purposes. . . ."[14] Clearly, a board may use such funds to reconstruct, repair, or remodel a building that it intends to use as a school building or for other school district purposes. We believe that the phrase "necessary for school district purposes" encompasses those instances when the repair or remodeling is undertaken to make the building marketable to a third party. The funds derived from the lease or sale would be subject to statutory control and would be used, ultimately, in educating pupils of the school district. Interpreting the phrase otherwise could result in absurdity. Two school districts undertaking the same type of repair or remodeling on buildings that are not used by the districts after the repair or remodel but rather are leased or sold to third parties would be treated differently when one school district predetermined the building is to be leased or sold to a third party; only the board of the school district that originally intended to continue using the building would be allowed to use capital outlay funds to cover the repair or remodeling costs. An even more incomprehensible result occurs if during the repair or remodeling a school board determines that it is more expedient to lease or sell the building. Interpreting K.S.A. 72-8804 as allowing capital outlay funds to be used to pay the costs of repairing or remodeling a building only when the building will continue to be used by the school district would require a school board to find another source of funding for any repair or remodeling costs not paid prior to the board's determination. A statute should be given a reasonable construction so as to avoid unreasonable or absurd results.[15] Repairing or remodeling a building may be necessary for school district purposes even when the intent of the school district is to lease or sell the building to a third party. Capital outlay funds may be used to cover the costs of the repair or remodel.
Sincerely,
 Derek Schmidt Kansas Attorney General
 Richard D. Smith Assistant Attorney General
DS:AA:RDS:ke
[1] NEA-Wichita v. Unified School District No. 259, SedgwickCounty, 234 Kan. 512, 517 (1983); Miller v. Board of Education,Unified School District, No. 470, 12 Kan.App.2d 368, 373 (1987).See also Consolidated School District No. 2 v. Johnson,163 Kan. 202, 208 (1947) (school funds can be expended by the district board only for purposes authorized by the statute either expressly or by necessary implication).
[2] K.S.A. 2010 Supp. 72-8205(e).
[3] Kan. Const., Art. 12, § 5(c).
[4] K.S.A. 2010 Supp. 19-101a; K.S.A. 19-101b.
[5] K.S.A. 72-1033. See also K.S.A. 72-8212(d).
[6] K.S.A. 72-8225.
[7] Id.
[8] K.S.A. 72-8213b(b).
[9] K.S.A. 72-8212(d).
[10] K.S.A. 72-6405 et seq.
[11] "Operating expenses" does not include certain payments made to other school districts, maintenance of student activities that are reimbursed, lawful expenditures from any other fund of a school district, costs of educational services provided to pupils residing in designated facilities and payments for programs financed in whole or part by federal funds. K.S.A. 2010 Supp. 72-6430.
[12] K.S.A. 2010 Supp. 72-6409.
[13] K.S.A. 2010 Supp. 72-6433(j).
[14] K.S.A. 72-8804 (emphasis added). See also
K.S.A. 2010 Supp. 72-8801.
[15] Hayes Sight Sound, Inc. v. ONEOK, Inc.,281 Kan. 1287, 1330 (2006).